IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA RAMSAY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **NATIONAL BOARD OF MEDICAL** ) <br> **EXAMINERS,** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 2:19-cv-02002-JCJ |

**DEFENDANT NBME'S ANSWER**

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint. NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that plaintiff has provided documentation that supports her contention that she has "reading and attentional disabilities," denies that it discriminated against Plaintiff, denies that Plaintiff is entitled to the relief requested or any relief herein, and responds to the specific allegations in the correspondingly numbered paragraphs of the Complaint as follows:

**Jurisdiction, Parties and Venue**

1. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. NBME admits the allegations in paragraph 2.

3. NBME denies the allegations in paragraph 3.

4. In response to the allegations in the first sentence paragraph 4, NBME admits Plaintiff purports to assert claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act but denies that Plaintiff is entitled to relief under either statute. The allegations in the second sentence of paragraph 4 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has subject matter jurisdiction over this action.

5. The allegations in paragraph 5 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is deemed a resident of the Eastern District of Pennsylvania and that venue is proper in this district.

<b><u>"Facts Giving Rise to Ramsay's Claims Against NBME"[1]</u></b>

    a.    **"Ramsay is a person with disabilities, which affect her ability to read questions on written examinations within the allotted time"[2]**

6. NBME admits that Plaintiff has submitted paperwork to NBME indicating that she has been diagnosed with Specific Learning Disorder with impairment in reading/dyslexia and Attention-Deficit/Hyperactivity Disorder ("ADHD") but denies that the documentation submitted by Plaintiff supports these diagnoses and denies the remaining allegations in paragraph 6.

7. NBME denies the allegations in paragraph 7.

8. NBME admits that Plaintiff submitted the Personal Statement attached at Exhibit A to her Complaint with her June 6, 2018, request for testing accommodations. NBME admits that Plaintiff correctly quotes from her personal statement in the remaining allegations in paragraph

---

[1] For ease of reference, NBME repeats the section headers of Plaintiff's complaint herein, but in doing so, does not admit to the allegations in the headers and refers to its specific responses to the allegations in each numbered paragraph of the Complaint.

[2] NBME denies the allegations in this sub-header.

- 3 -

8 but is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that Plaintiff purports to incorporate her Personal Statement "by reference" into her Complaint, NBME states that it is without knowledge or information sufficient to form a belief as to the truth of the statements therein, and therefore denies them.

9. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12. NBME admits that the Diagnostic and Statistical Manual of Mental Disorders ("DSM") provides a classification of mental disorders with associated criteria, that the current version of the DSM is the DSM-5, and that the DSM-5 sets out diagnostic criteria for Attention-Deficit/Hyperactivity Disorder (ADHD) and Specific Learning Disorder, including Specific Learning Disorder with impairment in reading (which is sometimes referred to as dyslexia). NBME denies that the DSM is published by the American Psychological Association. NBME denies that Specific Learning Disorder, "Attention Deficit Disorder" or ADHD are "learning disorders." NBME admits that the International Classification of Diseases ("ICD") is a publication of the World Health Organization and that the ICD-10 sets out diagnostic codes for ADHD and specific reading disorder, or dyslexia. NBME denies that the ICD-10 is the current version of the ICD on the grounds that it is vague, and states that the ICD-11 was published in June 2018 but is

not fully implemented. NBME denies the remaining allegations in paragraph 12 on the grounds that they are generalized and vague.

13. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 that "Ramsay has long planned to attend medical school and become a practicing physician, and is well qualified" and "Ramsay possesses the knowledge and drive and passion to be successful," and therefore denies the allegations. NBME denies the remaining allegations in paragraph 13.

### b.     "The United States Medical Licensing Examination"

14. In response to the allegations in paragraph 14, NBME admits that it develops the United States Medical Licensing Examination ("USMLE"), offers the USMLE together with the Federation of State Medical Boards, and administers the USMLE through a third-party vendor. NBME admits that the USMLE is a series of standardized examinations, and that the USMLE is administered throughout the United States. NBME denies that all parts of the USMLE are written.

15. In response to the allegations in paragraph 15, NBME admits that the USMLE is relied upon by jurisdictions across the United States in making decisions regarding medical licensure. NBME denies the remaining allegations in paragraph 15, which are vague and generalized.

16. In response to the allegations in the second sentence of paragraph 16, NBME admits on information and belief that scores on USMLE Step 1 are considered by medical residency training programs during the residency selection process. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them.

17.     NBME admits that the USMLE includes a Step 2 CK (Clinical Knowledge) and Step 2 CS (Clinical Skills) examination.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     NBME admits the allegations in paragraph 18 on information and belief, with respect to licensure as an allopathic physician.

19.     The allegations in paragraph 19 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is governed by 42 U.S.C. § 12189 with respect to its offering the USMLE, and denies the remaining allegations in paragraph 19 on the grounds that they are vague and generalized.

20.     NBME admits the allegations in paragraph 20.

21.     The allegations in paragraph 21 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that the generalized paraphrasing in paragraph 21 reflects NBME's obligations under 42 U.S.C. § 12189.

22.     NBME denies the allegations in paragraph 22 on the grounds that they are vague, and states that NBME provides reasonable and appropriate accommodations on the USMLE for individuals with documented disabilities within the meaning of the ADA, including individuals who have been diagnosed with dyslexia.

23.     NBME denies the allegations in paragraph 23 on the grounds that they are vague and generalized.

24.     NBME denies the allegations in paragraph 24 on the grounds that they are vague and generalized.

25. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26. NBME denies the allegations in paragraph 26.

27. NBME admits that Plaintiff did not pass USMLE Step 1 on her first attempt. NBME denies the remaining allegations in paragraph 27.

28. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

> **"c.    Ramsay has previously received the same or similar accommodations to what she is seeking from NBME from her college and medical school."[3]**

29. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32, and therefore denies them. NBME denies the allegations in the second sentence of paragraph 32.

33. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 33, and therefore denies them. NBME denies the remaining allegations in paragraph 33.

---

[3] NBME is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

34. NBME denies the allegations in paragraph 34.

**d. "NBME is refusing to provide the accommodations that Ramsay needs because of her dyslexia and ADHD."[4]**

35. NBME denies that Plaintiff submitted an application for testing accommodations on November 28, 2016, and states that on December 12, 2016, it received a request dated November 28, 2016, for double-time testing accommodations on Step 1 and Step 2 CK of the USMLE from Plaintiff. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and therefore denies them.

36. NBME admits that Plaintiff submitted a Personal Statement and reports from Alan Smiy, M.D. and Charles Livingston, M.A., with her December 12, 2016 request. NBME denies that the allegations in paragraph 36 are a complete description of the referenced reports and denies that Smiy diagnosed Plaintiff with ADHD in 2010. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and therefore denies them.

37. NBME admits that it denied Plaintiff's request for accommodations by letter dated March 10, 2017, from Michelle M. Goldberg, Ph.D., Manager, Disability Services. NBME denies the remaining allegations in paragraph 37.

38. In response to the allegations in paragraph 38, NBME admits that individuals may request that NBME reconsider its decision regarding test accommodations by submitting a signed and dated letter requesting reconsideration accompanied by new substantive supporting documentation. NBME denies the remaining allegations in paragraph 38 on the grounds that they are vague.

---

[4] NBME denies this allegation.

144707815.1

39. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 39, and therefore denies them.

40. NBME admits the allegations in the first two sentences and in the fourth and fifth sentences of paragraph 40 and admits the allegations in footnotes 1 and 2. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore denies them.

41. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them.

42. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 43, and therefore denies them. NBME denies the allegations in the second sentence of paragraph 43.

44. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them.

45. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46. NBME admits the allegations in paragraph 46.

47. NBME denies the allegations in paragraph 47.

48. NBME admits the allegations in paragraph 48.

49. NBME admits the allegations in first two sentences of paragraph 49. NBME denies the allegations in the third sentence of as stated and refers to its letter of September 11, 2018 for a full recitation of NBME's decision.

50. NBME denies the allegations in paragraph 50 on the grounds that they are vague and refers to its letter of September 11, 2018 for a full recitation of NBME's decision.

51. NBME denies the allegations in paragraph 51.

52. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them.

53. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them.

54. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 54, and therefore denies them. In response to the allegations in the second sentence of paragraph 54, NBME admits that Plaintiff has attached a copy of a 31-page November 6, 2018 Neuropsychological Evaluation as Exhibit C to her Complaint. To the extent that Plaintiff purports to incorporate this entire document into her complaint "by reference," NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the document, and therefore denies them.

55. NBME admits that the Neuropsychological Evaluation at Exhibit C includes the diagnosis stated in paragraph 55. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies them

56. NBME admits that the Neuropsychological Evaluation at Exhibit C includes the diagnosis stated in paragraph 56. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies them

57. NBME admits that Plaintiff accurately quotes from Exhibit C in paragraph 57. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57, and therefore denies them.

58. NBME denies the allegations in the first sentence of paragraph 58. NBME denies the allegations in the second sentence of paragraph 58, which are vague and generalized. In response to the remaining allegations in paragraph 58, NBME denies that Plaintiff has fully and accurately reported the contents of Dr. Smith evaluation.

59. NBME denies the allegations in paragraph 59.

60. In response to the allegations in paragraph 60, NBME admits that Plaintiff submitted a letter dated December 12, 2018, from her lawyer, Lawrence Berger, which sought reconsideration of NBME's September 11, 2018 decision denying Plaintiff's request for additional testing time. NBME admits that the November 6, 2018 report from Robert Smith was included with this letter. NBME denies the remaining allegations in paragraph 60.

61. In response to the allegations in paragraph 61, NBME admits that, by letter dated February 14, 2018, it informed Plaintiff that it had not changed its decision communicated in its September 11, 2018 decision letter.

62. In response to the allegations in paragraph 62, NBME admits that Plaintiff has selectively quoted from NBME February 14, 2019 letter but denies the characterization of this as an "admission" by NBME and denies the remaining allegations in paragraph 62.

63. NBME denies the allegations in paragraph 63.

64. NBME denies the allegations in paragraph 64 and refers to its letter of February 14, 2019, for a full recitation of NBME's decision.

65. NBME denies the allegations in paragraph 65.

66. NBME denies the allegations in paragraph 66.

67. NBME denies the allegations in paragraph 67 on the grounds that they are vague.

68. In response to the allegations in paragraph 68, NBME admits that Plaintiff's lawyer wrote to NBME by letter dated March 19, 2019 (received on March 21, 2019) to seek further reconsideration of NBME's September 11, 2018 and February 14, 2019 letters, to the extent that they denied Plaintiff's request for extended testing time. NBME denies the remaining allegations in the first sentence of paragraph 68. To the extent that Plaintiff purports to incorporate this entire March 19, 2019 letter into her complaint "by reference," NBME generally denies the arguments and conclusions made in the letter.

69. To the extent that the allegations in paragraph 69 purport to paraphrase from the document attached at Exhibit E, NBME refers to the document for a complete statement of its content, and NBME denies the allegations to the extent that they purport to represent the truth of such allegations.

70. NBME admits that it responded to Plaintiff's March 19, 2019 letter by email dated March 27, 2019, and that a copy of this response is attached as Exhibit F to the Complaint. NBME denies that this email constituted a "fourth denial."

71. NBME admits that it did not grant Plaintiff's request for extended testing time and denies the remaining allegations in paragraph 71.

    e.    **"How Ramsay is harmed by NBME's refusal to provide extended testing time as an accommodation."[5]**

72. NBME denies the allegations in paragraph 72.

### COUNT I[6]

73. NBME restates and incorporates by reference its responses to paragraphs 1-72.

---

[5] NBME denies that Plaintiff has been harmed by NBME's decision to deny her request for extended testing time on Step 1 of the USMLE.

[6] NBME denies that it has violated the ADA.

74. NBME denies the allegations in paragraph 74.

75. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies them.

76. NBME denies the allegations in paragraph 76.

77. NBME denies the allegations in paragraph 77.

78. In response to the allegations in paragraph 78, NBME admits that it is subject to the requirements of 42 U.S.C. § 12189 with respect to its offering the USMLE.

79. In response to the allegations in paragraph 79, NBME denies that Plaintiff accurately quotes from 42 U.S.C. § 12182(b)(2)(A)(ii) and denies that this provision is "pertinent" to this dispute.

80. In response to the allegations in paragraph 80, NBME denies that Plaintiff has included the complete provision found at 28 C.F.R. § 36.309(a) but admits that this regulation applies to NBME with respect to its offering the USMLE.

81. NBME admits that Plaintiff accurately quotes from portions of 28 C.F.R. § 36.309(b)(1) and denies the remaining allegations in paragraph 81.

82. NBME denies the allegations in paragraph 82.

83. NBME denies the allegations in paragraph 83.

## COUNT II[7]

84. NBME restates and incorporates by reference its responses to paragraphs 1-83.

---

[7] NBME denies that the Rehabilitation Act applies and that it has violated the Rehabilitation Act.

- 12 -

144707815.1

85. NBME denies that the first sentence of paragraph 85 contains a complete and accurate description of Section 504 of the Rehabilitation Act and specifically the provision found at 29 U.S.C. § 794.  NBME denies the allegations in the second sentence of paragraph 85.

86. NBME denies the allegations in paragraph 86.

The remaining allegations in Plaintiff's complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the statute of limitations to the extent that they are based on any actions taken by NBME outside the limitations period.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional affirmative defenses available.  NBME reserves the right to assert additional affirmative defenses in the event discovery, further analysis, or future events indicate that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1. That Plaintiff take nothing and be denied all relief requested in her Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its fees and costs incurred herein; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated:  July 8, 2019 | Respectfully submitted, |

/s/   Nancy L. Goldstein
Nancy L. Goldstein (Pa. Bar No. 40019)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
Phone: 215-255-8590
Facsimile:  215-255-8583
goldsteinnl@hamburg-golden.com

Robert A. Burgoyne
(Pro hac vice application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C.  20005-3960
Phone:  202-654-1744
Facsimile:  202-654-6211
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on July 8, 2019, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for Plaintiff and have sent a copy by e-mail to the following on the date below:

>Lawrence D. Berger, Esquire
>Reisman Carolla Gran & Zuba, LLP
>19 Chestnut Street
>Haddonfield, N.J. 08033
>**larry@rcglawoffices.com**
>
>Counsel for Plaintiff
>
>Mary C. Vargas
>Michael D. Stein
>Stein &Vargas LLP
>10 G Street NE, Suite 600
>Washington D.C. 20002
>**mary.vargas@steinvargas.com**
>Counsel for Plaintiff

>s/ Nancy L. Goldstein
>Nancy L. Goldstein
>
>Counsel for Defendant NBME

July 8, 2019