IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA RAMSAY,<br>   Plaintiff | : :<br>: | |
| v. | : :<br>: | CIVIL ACTION NO. 19-2002 |
| NATIONAL BOARD OF MEDICAL EXAMINERS,<br>   Defendant | : :<br>:<br>: | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Jessica Ramsay ("Ramsay") respectfully moves this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Order preliminarily enjoining defendant National Board of Medical Examiners ("NBME") from failing to approve Ramsay's request for extended testing time (100% extended time or "double time") for the United States Medical Licensing Examination ("USMLE").

1. For the reasons stated in the following paragraphs, Ramsay respectfully submits that she is likely to the succeed on the merits, that in the absence of preliminary relief she will suffer immediate and irreparable harm for which there is no adequate remedy at law, that the balance of equities is in her favor, and that a preliminary injunction is in the public interest.

2. As described in detail in the Complaint herein, Ramsay is a medical student.  Like all candidates for the M.D. degree from medical schools in the United States, Ramsay is required to take and pass a timed standardized written examination known as "Step 1" of the USMLE. Because of NBME's wrongful refusal to grant Ramsay's request for extended testing time, she has been unable to pass the Step 1 examination, she has been required to take a leave of absence from her medical school, she is at risk of being dismissed from her medical school, and she cannot resume her studies until and unless she takes and passes Step 1 which she must do by March 2, 2020.

3.     The scheduling window for Step 1 of the USMLE is three months, and therefore, Ramsay must be in a position to request a scheduling window for her next attempt at the Step 1 examination by December 2, 2019.

4.     Ramsay is a person with diagnosed disabilities, specifically a reading disorder commonly known as dyslexia, and an attentional disorder known as Attention Deficit Hyperactivity Disorder. Both of these disabilities affect her ability to read in general, and to read the questions on the Step 1 examination in the standard time allowed by defendant in particular. Therefore, she needs and, under the Americans with Disabilities Act and the Rehabilitation Act, is entitled to receive the accommodation of extended testing time.

5.     Ramsay has received the accommodation of 100% extended testing time (double time) from her medical school. For nearly three years, she has been seeking the same accommodation from NBME. She first applied to NBME in 2016; her application was denied; she took the Step 1 examination without accommodations and failed in 2017; she applied again for extended testing time and was turned down again in 2018; she "appealed" the NBME decision through NBME's internal process and was turned down again in 2019; and she has no other recourse to obtain the accommodation that she requires.

6.     Ramsay's medical school granted her a leave-of-absence to pursue her request to NBME, and has extended the leave-of-absence several times, but the leave-of-absence as extended expires on March 2, 2020, and there is no assurance that the leave-of-absence will be extended again.

7.     Only students at accredited medical schools are eligible to take the Step 1 examination.

8. Passing scores on both the Step 1 examination, and also two subsequent USMLE examinations, Step 2 CK and Step 2 CS, are prerequisites for licensing as a medical doctor in the United States, and also for participation in the National Resident Matching Program (the "NMRP" or "match"). Ramsay will also require the same or comparable testing accommodations for Step 2 CK and Step 2 CS. Participation in a medical residency program is also a prerequisite for licensing, and almost all residents are placed through the NMRP.

9. NBME is continuing to refuse to grant Ramsay the accommodation that she needs for the USMLE examinations.

10. Ramsay began medical school in 2014 with an expected graduation date of May 2018. Ramsay's expected graduation date from medical school has already been delayed for two years as a result of NBME's refusal, and is now likely to be delayed for at least an additional year.

11. Ramsay will suffer additional irreparable harm unless on or before December 2, 2019, the date by which Ramsay must schedule the Step 1 examination, NBME agrees to or is ordered to provide Ramsay with extended testing time.

12. The result of NBME's refusal to provide Ramsay with extended testing time is not only delay, but also a severe narrowing of her opportunity to apply for competitive residency programs, in that USMLE scores are used by institutions participating in the match to rank applicants, and applicants with low passing scores will not receive any consideration for many programs, and may fail to match at all.

13. Further delay will cause Ramsay immediate and irreparable harm, for which there is no adequate remedy at law, in that:

    a. Ramsay may not be able to complete her medical education;

      b.      Ramsay may never be able to receive the academic degree of Doctor of Medicine (M.D.), even though she had already successfully completed almost three years of medical school prior to the time that NBME first refused her request for testing accommodations;

      c.      Ramsay will be deprived of opportunities for competitive residency programs;

      d.      Ramsay will never be able to recoup the income that she is losing as a result of the delay;

      e.      The fact of the delay which will be evident on Ramsay's application for residency programs and eventually for permanent employment will mark her as a person with disabilities; and

      f.      The more time that passes between Ramsay's completion of her medical school clinical rotations and her participation in the match, the greater the likelihood that she will never be accepted into a residency program because she will have missed the opportunity to timely put into practice the knowledge and skills that she learned in medical school.

WHEREFORE, Ramsay respectfully requests that this Honorable Court enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining and restraining NBME and all others acting in concert with NBME as follows:

      A.      From refusing to grant Ramsay the reasonable accommodation of 100% extended testing time (double time) for the USMLE Step 1 examination;

B.      From refusing to grant Ramsay the reasonable accommodation of 100% extended testing time (double time) for each subsequent step examination, including Step 2-CK (Clinical Knowledge), Step 2-CS (Clinical Skills), and Step 3.

There being no risk of monetary harm to defendant, plaintiff requests that this Court waive the requirement of a bond as security for the preliminary relief requested in this motion.

This Motion is supported by a Memorandum of Law, the Declaration of Jessica Ramsay, and the Declaration of Robert Smith, Ph.D.

Respectfully submitted,

/s/    Lawrence D. Berger
Lawrence D. Berger (ID No. 16028)
Larry@rcglawoffices.com
REISMAN CAROLLA GRAN & ZUBA LLP
19 Chestnut Street
Haddonfield, NJ 08033
(856) 354-0021

Attorney for Plaintiff

Of Counsel:

Mary C. Vargas (ID No. 324005)
Michael S. Stein
STEIN & VARGAS LLP
10 G Street NE, Suite 600
Washington, DC 20002
(202) 248-5092

Dated: July 25, 2019

5

## Certificate of Service

I hereby certify that a copy of plaintiff's Motion for Preliminary Injunction, proposed Order, supporting Memorandum of Law, and the supporting Declarations of Jessica Ramsay and Robert D. Smith, Ph.D. were electronically filed on July 25, 2019, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for defendant and I have also sent a copy by e-mail to the following on the date below:

Nancy L. Goldstein, Esquire  
Hamburg & Golden, P.C.  
1601 Market Street, Suite 3310  
Philadelphia, PA 19103-1443  

goldsteinnl@hamburg-golden.com

Robert A. Burgoyne, Esquire  
Perkins Coie LLP  
700 Thirteenth Street, N.W. Suite 600  
Washington, D.C. 20005-3960  

RBurgoyne@perkinscoie.com

Attorneys for Defendant

/s/ Lawrence D. Berger  
Lawrence D. Berger

Attorney for Plaintiff Jessica Ramsay

July 25, 2019