# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RAMSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 19-02002-JCJ |
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED ORDER FOLLOWING STATUS CONFERENCE ON 11/30/20

Defendant National Board of Medical Examiners ("NBME") respectfully submits this response to the Order that was submitted by plaintiff's counsel following today's status conference with the Court:

1. During today's status conference, the parties presented different views regarding next steps in the captioned lawsuit. Plaintiff urged the Court to enter a scheduling order that is consistent with what plaintiff had proposed in her letter to the Court of November 17, 2020 (the "November 17 Letter"), and NBME urged the Court to defer entering a scheduling order until the Supreme Court acts on the petition for certiorari that NBME currently plans to file seeking review of the Third Circuit's ruling on the preliminary injunction entered by this Court.

2. The Court agreed with the plaintiff's suggested scheduling approach and instructed plaintiff's counsel to submit an order reflecting the schedule set forth in plaintiff's November 17 Letter.

3. Plaintiff has since filed a proposed Order, which is identified on the ECF docket as a "Motion for Order." *See* Docket No. 39 (filed 11/30/20) (the "Proposed Order").

    4.       The Proposed Order differs from the November 17 Letter in two respects.

    5.       First, the proposed Order purports to limit the scope of discovery to "plaintiff's damages claim."  Proposed Order ¶ 1.  No such limitation was reflected in the November 17 Letter, NBME did not understand the Court to approve of any such limitation on discovery during today's status conference, and no such limitation would be proper.  At this point in the lawsuit the Court has found only that plaintiff demonstrated a sufficient likelihood of success to warrant a preliminary injunction.  It has not decided the merits, nor did the court of appeals purport to do so.  The Court should therefore remove the words "on plaintiff's damages claim" from paragraph 1 of the proposed Order.  That language appears to have been included in an effort to obtain partial summary judgment on the merits of Ms. Ramsay's claims without allowing NBME full discovery and without following the requirements of Rule 56.

    6.       Second, the proposed Order includes a paragraph stating that any deposition of Ms. Ramsay "shall be taken remotely with the Zoom or similar application."  Proposed Order ¶ 2.  This subject was not addressed in the November 17 Letter or during today's status conference.  Nevertheless, NBME has no objection to including the language in paragraph 2 of the Proposed Order, if the following sentence is added by the Court at the end of that paragraph:  "Likewise, any requested oral deposition of other witnesses shall be taken remotely using Zoom or a similar application."  The pandemic will not be over within the discovery schedule proposed by plaintiff, and it is entirely reasonable to limit unnecessary travel by everyone in this period (not just Ms. Ramsay).

## CONCLUSION

NBME respectfully requests that Court revise the Proposed Order as set forth in paragraphs 5 and 6 above, before entering that Order.

|  |  |
|---|---|
| Dated:  November 30, 2020 | By: /s/ Robert A. Burgoyne |
|  | Nancy L. Goldstein (Pa. Bar No. 40019) |
|  | Hamburg & Golden, P.C. |
|  | 1601 Market Street, Suite 3310 |
|  | Philadelphia, PA  19103-1443 |
|  | Phone: 215-255-8590 |
|  | Facsimile: 215-255-8583 |
|  | goldsteinnl@hamburg-golden.com |
|  |  |
|  | Robert A. Burgoyne (*pro hac vice*) |
|  | Caroline M. Mew (*pro hac vice*) |
|  | Perkins Coie LLP |
|  | 700 Thirteenth Street, N.W., Suite 600 |
|  | Washington, D.C.  20005-3960 |
|  | Phone: 202-654-6200 |
|  | Facsimile: 202-654-6211 |
|  | RBurgoyne@perkinscoie.com |

Counsel for Defendant NBME

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed on November 30, 2020, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for Plaintiff.

/s/ Caroline Mew
Caroline M. Mew

Counsel for Defendant NBME