**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSICA RAMSAY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-2002 |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | |
| EXAMINERS, | : | |
| Defendant | : | |

## MOTION TO COMPEL

Plaintiff Jessica Ramsay ("Ramsay") respectfully moves this Honorable Court pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure for an Order overruling objections asserted by defendant National Board of Medical Examiners ("NBME") to plaintiff's Requests for Production of Documents ("RFPs"), Interrogatories and Requests for Admissions ("RFAs") relating to damages and compelling NBME to provide full responses, including production of documents. Copies of NBME's objections are attached hereto for the Court's reference. [1]

Plaintiff requests that the Court order as follows:

1.      Overruling NBME's objections to plaintiff's Interrogatories, RFAs and RFPs with respect to time period, and directing NBME to respond to all of plaintiff's requests, including production of documents, for the full time period requested, namely January 1, 2014 to present;

2.      Overruling NBME's objections to plaintiff's Interrogatories, RFAs and RFPs with respect to discovery about so-called "procurement contracts," and directing NBME to respond to all of plaintiff's requests, including Interrogatories Nos. 1, 2 and 20, RFAs 5, 7, 8, 22, 23 and 24,

---

[1] *See* NBME's Amended and Supplemental Responses to Request for Production of Documents Relating to Damages ("RFP Objections") (Exhibit A); Amended and Supplemental Responses to Interrogatories Relating to Damages ("Interrogatory Objections") (Exhibit B); and Amended and Supplemental Responses to Requests for Admissions Relating to Damages ("RFA Objections") (Exhibit C). Each of NBME's objections also quotes plaintiff's requests.

and RFPs 1, 2, 5, 6 and 13 including production of documents, for all funds received from the federal government, regardless of NBME's characterization of funding as "procurement contracts."

3.    Overruling NBME's objections to plaintiff's Interrogatories, RFAs and RFPs with respect to discovery about examination questions that it developed with funding from the Department of Veterans Affairs, and directing NBME to respond to all of plaintiff's requests, including Interrogatories Nos. 1, 2, 9, 10, 11, 14, 17, 18 and 20, RFA 6, 9 and 10, and RFPs 1, 2, 5, 6, 9, and 13 including production of documents, that relate to examination questions that NBME developed with federal financial assistance.

4.    Overruling NBME's objection to RFP No. 3, and directing NBME to produce copies of the additional financial statements that it has not yet produced, namely the financial statements for the years ended December 31, 2014, 2015 and 2020.

5.    Overruling NBME's objections to plaintiff's Interrogatories, RFAs and RFPs with respect to funds received from the Federation of State Medical Boards ("FSMB"), and directing NBME to respond to all of plaintiff's requests, including Interrogatories Nos. 8, RFAs Nos. 2, 3, and 17, and RFP Nos. 1 and 2; and overruling NBME's objections to RFP No. 12 with respect to documents reflecting NBME and USMLE committee service by federal employees.

This Motion is supported by a Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, plaintiff respectfully requests that the Court enter the proposed Order filed herewith.

Respectfully submitted,

/s/     Lawrence D. Berger
Lawrence D. Berger (ID No. 16028)
Larry@rcglawoffices.com
REISMAN CAROLLA GRAN & ZUBA LLP
19 Chestnut Street
Haddonfield, NJ  08033
(856) 354-0021

Mary C. Vargas (ID No. 324005)
Mary.Vargas@steinvargas.com
Michael S. Stein (*pro hac vice*)
Michael.Stein@steinvargas.com
STEIN & VARGAS LLP
10 G Street NE, Suite 600
Washington, DC  20002
(202) 248-5092

Attorneys for Plaintiff

Dated:  March 19, 2021

3

## **Certification**

I hereby certify pursuant to Local Rule 26.1 that the parties, after reasonable effort, are

unable to resolve the discovery dispute which is the subject of this Motion.

/s/     Lawrence D. Berger
          Lawrence D. Berger

Attorney for Plaintiff Jessica Ramsay

March 19, 2021

**Certificate of Service**

I hereby certify that a copy of plaintiff's Motion to Compel, proposed Order, and

supporting Memorandum of Law, were electronically filed on March 19, 2021, via the Court's

CM/ECF System, which will send notification of such filing to counsel of record for defendant

and I have also sent a copy by e-mail to the following on the date below:

Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

sacksme@hamburg-golden.com

Robert A. Burgoyne, Esquire
Caroline Mew, Esquire
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C. 20005-3960

RBurgoyne@perkinscoie.com
CMew@perkinscoie.com

Attorneys for Defendant

/s/      Lawrence D. Berger
        Lawrence D. Berger

Attorney for Plaintiff Jessica Ramsay

March 19, 2021

5

Exhibit A

NBME Response to Request for Production of Documents

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA RAMSAY,** )| |
| )| |
| **Plaintiff,** )| |
| )| |
| **v.** )| **Case No. 2:19-cv-02002-JCJ** |
| )| |
| **NATIONAL BOARD OF MEDICAL** )| |
| **EXAMINERS,** )| |
| )| |
| **Defendant.** )| |

**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS'
AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS RELATING TO DAMAGES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and following an initial meet-and-confer with Plaintiff, Defendant National Board of Medical Examiners ("NBME") hereby provides these amended and supplemental responses to Plaintiff's Request for Production of Documents Relating to Damages ("Request").

**GENERAL OBJECTIONS**

1.      The following responses reflect NBME's current knowledge, information, and belief and may be subject to change or modification pursuant to Fed. R. Civ. P. 26(e) based on NBME's further discovery or facts or circumstances that may come to NBME's knowledge.

2.      Nothing in these responses should be construed as waiving any rights or objections that otherwise might be available to NBME, and NBME's responses to any of the requests for production of documents should not be deemed an admission of relevancy, materiality, or admissibility in evidence of the discovery or the responses thereto.

3.      NBME objects to these requests and their accompanying instructions to the extent they purport to impose any requirements beyond those in the Federal Rules of Civil Procedure or local rules.

4.      NBME objects to Definitions and Instructions 1.a and 3 to the extent they define NBME to include any individual or entity other than NBME itself.  Unless otherwise noted below, NBME is responding to these Requests solely with respect to NBME.

5.      NBME objects to the definition of "services" in Definitions and Instructions 1.p to the extent that it is inconsistent with the use of this term in applicable regulations implementing Section 504 of the Rehabilitation Act, because it is vague, confusing, overly broad, and does not seek information that is relevant to any party's claim or defense.

6.      NBME objects to these Requests to the extent they seek information regarding actions or inactions of "USMLE" or funds received by "USMLE."  USMLE is a program, not a legal entity.  The responses to Plaintiff's Requests reflect documents within NBME's custody or control.

7.      NBME objects to the time period covered by the Requests.  To the extent these Requests seek information regarding NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance during the period of time in which Plaintiff had a request for testing accommodations pending with NBME and as to which any claim by Plaintiff under Section 504 is not time-barred by the applicable two-year limitations period.  Therefore, any receipt of federal financial assistance by NBME must have occurred between May 8, 2017 and March 27, 2019 (the "relevant time period").  Nevertheless, in an effort to minimize discovery disputes and without waiving this relevance objections, NBME will provide supplemental information for the

151484310.1

period between December 12, 2016 (the date NBME received Ms. Ramsay's first request for testing accommodations) and December 31, 2019 (the date of the Court's order granting Ms. Ramsay's motion for preliminary injunction) for some Requests, as stated below.

8.     NBME objects to these Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

NBME further objects to these requests to the extent they purport to seek privileged documents that were prepared by or sent by or to in-house or outside counsel for NBME after the date this lawsuit was filed (May 8, 2019).  Any documents prepared by or sent by or to counsel for NBME dated on or after May 8, 2019, relating to the litigation are protected from discovery by the attorney-client privilege and/or work product doctrine.  Given this, the burden of searching for and preparing a privilege log for such documents greatly outweighs any potential benefit of a request for such documents, any such discovery is not important in resolving the issues in the case, and any such discovery is not proportional to the needs of the case.  NBME has no objection to Ms. Ramsay proceeding in the same manner with respect to privileged post-litigation communications between her and her lawyers, as well as pre-litigation communications between Ms. Ramsay and her lawyers relating to the filing of this litigation.

9.     NBME objects to these Requests to the extent they seek documents or information regarding purchases of, or payments for, products or services from NBME.  Such information would not show that NBME is subject to Section 504 of the Rehabilitation Act, as it would not show the receipt of a grant, loan, or other form of federal financial assistance.  Tracking down information relating to such purchases would also require detailed review of individual transaction records or individual payments (where available) and, even when available, such records may not

- 3 -

reflect the identity of the actual payor.  Any such documents are not relevant to any party's claim or defense and any requests for such documents are not proportional to the needs of the case given the lack of need for this discovery in resolving the issues and the burden of the request (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic) relative to its likely benefit.  Unless otherwise stated below, NBME is not responding to any of the Requests with regard to such documents.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Request 1**:  Each document identified in your answers to Plaintiff's Interrogatories Relating to Damages served on December 10, 2020.

**Response to Request 1**:  NBME states that it did not "identify" any "document" in its answers to Plaintiff's Interrogatories Relating to Damages, and therefore will not be producing any documents in response to this Request, but NBME notes its response to Request No. 13, below.

**Request 2**:  Each document referred to in your responses to Plaintiff's Requests for Admissions Relating to Damages served on December 10, 2020.

**Response to Request 2**:  NBME produced the documents identified in its original response to Request No. 13 on February 5, 2020.

**Request 3**:  NBME's annual financial statements including its balance sheet, statement of income, notes to such statements and auditors' reports on such statements.

**Response to Request 3**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense.  The Request is also not proportional to the needs of the case considering the lack of any need for the discovery in resolving the issues.

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the Request.  To the extent this

- 4 -

Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.

NBME is not producing any documents in response to this Request.

**Request 4**:  Each "assurance of compliance" with Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, signed by NBME or USMLE as required by 28 C.F.R. § 41.5(a)(2) and by the implementing systems of individual agencies, *e.g.*, 28 C.F.R. § 42.504 (Department of Justice), 32 C.F.R. § 56.1(b) (Department of Defense), 34 C.F.R. § 104.5 (Department of Education), and 45 C.F.R. § 84.5 (Dept. of Health and Human Services).

**Response to Request 4**:  NBME objects to this Request to the extent that it assumes that any such "assurance of compliance" is or was required from NBME or that any of the "implementing systems of individual agencies" cited are applicable or relevant here.  NBME further objects to this request on the grounds that there is no regulation found at 32 C.F.R. § 56.1(b).

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief, there are no documents responsive to this request from the period between December 12, 2016 and December 31, 2019.

**Request 5**:  PIID VA74114P008, the NBME accelerated development project to rapidly develop military health/veteran questions on the NBME.

**Response to Request 5**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced document — PIID VA74114P008 — is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that contract therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies were received prior to the end of the term of the contract. Therefore, NBME did not receive any federal money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504, for the reasons stated in General Objection No. 7.

Notwithstanding and without waiving these objections, NBME produced documents constituting PIID VA74114P008 on February 5, 2020.

**Request 6**:  Each test question developed as the result of PIID VA74114P008, including each use of any such question.

**Response to Request 6**:  NBME objects to this Request on the grounds that the substance of any examination question is completely irrelevant to any party's claim or defense, and because it seeks information regarding confidential, proprietary examination questions, disclosure of which could compromise the integrity of examination results and cause significant harm and expense to NBME (including the cost of replacing disclosed questions, which could be hundreds of thousands

of dollars, and the loss of test items for ongoing testing of individuals seeking medical licensure).

This Request therefore is not proportional to the needs of the case given the lack of any need for

this discovery in resolving the issues and the burden of the request relative to its likely benefit

(particularly in light of the challenges presented to NBME's staff during the COVID-19

pandemic).

NBME further objects to this Request because information related to this contract is not

relevant to any party's claim or defense.  The referenced document — PIID VA74114P008 — is

a procurement contract, not a grant, loan, or other form of federal financial assistance.  Monies

received under the contract therefore provide no basis for asserting a claim against NBME under

Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies

were received prior to the end of the term of the contract.  Therefore, NBME did not receive any

federal money under that contract at any time that overlaps with the period as to which Plaintiff

might otherwise have a viable claim under Section 504, for the reasons stated in General Objection

No. 7.

Notwithstanding and without waiving these objections, NBME refers to and incorporates

by reference its Response to Interrogatory No. 2, which addresses test items written pursuant to

the referenced contract.  NBME is not producing any documents in response to this Request.

**Request 7**:  Any and all grants, loans, contracts, or any other financial or non-financial

arrangement that NBME or USMLE has entered into with federal, state, or local governments

and/or any federally supported entity and/or federally supported private entity from January 1,

2014 to date and continuing.

**Response to Request 7**:  NBME objects to this Request on the ground that the references

to any "financial or non-financial arrangement" and "federally supported" entities and/or private

entities are vague.  NBME further objects to this Request to the extent that it seeks information regarding "any and all grants, loans, contracts, or any other financial or non-financial arrangement" with state or local governments, "federally supported entities" or "federally supported private entities," because the request is overbroad and seeks information that would not show that NBME received federal financial assistance under Section 504 and therefore is not relevant to any party's claims or defenses.  This Request also is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.

NBME also incorporates General Objection No. 6 and General Objection No. 9.

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief, it did not enter into any federal grant or loan agreements with the federal government or any federal agency between December 12, 2016 and December 31, 2019.  NBME incorporates the information provided in NBME's response to Request No. 8 below and further states that, to the best of its current knowledge and belief and without regard to any other purchases of products or services, it did not enter into any other contracts with the federal

government or any federal government agency between December 12, 2016 and December 31, 2019.

NBME is not responding to this Request with respect to "financial arrangements" or "non-financial arrangements" with any of the specified entities or with respect to grants, loans, or contracts with any state or local government or any federally supported entity or federally supported private entity, for the reasons stated in the objections above.

**Request 8**:  Any and all contracts or purchase orders or financial transactions between NBME or USMLE on the one hand, and the Uniformed Services University.

**Response to Request 8**:   NBME objects to this Request to the extent that it seeks production of documents evidencing payments for products or services, for the reasons stated in General Objection No. 9.  NBME further objects to this Request to the extent that it seeks production of "financial transactions," which are intangible.

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

Notwithstanding and without waiving these objections, NBME refers to and incorporates by reference its Response to Interrogatory No. 10, which reports payments that NBME received from USU for NBME subject matter examination services provided to USU students by USU and the NBME Self-Assessment Services (NSAS) Voucher Program, as well as payments for students' registration fees for the USMLE.  NBME further states that it produced documents showing the

general online process for ordering NBME subject matter examination services, registering for the NBME Self-Assessment Services (NSAS) Voucher Program, and registering for the USMLE on February 5, 2020.  NBME states that, to the best of its current knowledge and belief and without regard to any other purchases of products or services, it did not enter into any other contracts with USU between December 12, 2016 and December 31, 2019.  NBME further states that, to the best of its current knowledge and belief, it does not have any purchase orders from USU in its possession from the period between December 12, 2016 and December 31, 2019, and that USU made purchases using the NBME portal system (i.e., online) without submitting purchase orders during the period from December 12, 2016-December 31, 2019.  NBME is not responding to this Request with respect to "financial transactions," for the reasons stated in the objections above.

**Request 9**:  Any and all contracts or purchase orders or financial transactions between NBME or USMLE on the one hand, and the United States Department of Veterans Affairs or any of its subagencies.

**Response to Request 9**:  NBME objects to this Request to the extent that it seeks production of documents evidencing payments for products or services, for the reasons stated in General Objection No. 9.  NBME further objects to this Request to the extent that it seeks production of "financial transactions," which are intangible.

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

- 10 -

151484310.1

Notwithstanding and without waiving these objections, NBME produced the contract documents for VA74114P008 in response to Request No. 5 on February 5.  NBME further states that, to the best of its current knowledge and without regard to any purchases of products or services, it did not enter into any contracts with the United States Department of Veterans Affairs or any of its sub-agencies between December 12, 2016 and December 31, 2019.  NBME further states that, to the best of its current knowledge and belief, it does not have any purchase orders from the United States Department of Veterans Affairs from the period between December 12, 2016 and December 31, 2019.  NBME is not responding to the Request with respect to "financial transactions," for the reasons stated in the objections above.

**Request 10**:  Any and all contracts or purchase orders or financial transactions between NBME or USMLE on the one hand, and the United States Department of Defense or any of its subagencies, or any of the military services of the United States.

**Response to Request 10**:  NBME objects to this Request to the extent that it seeks production of documents evidencing payments for products or services, for the reasons stated in General Objection No. 9.  NBME further objects to this Request and to the extent that it seeks production of "financial transactions," which are intangible.

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

- 11 -

Notwithstanding and without waiving these objections, and subject to the qualification that NBME does not know whether the relevant funds are accurately described as funds from the "United States Department of Defense or any of its subdivisions or sub-agencies, or any of the military services of the United States," NBME refers to and incorporates by reference its response to Request No. 8.  NBME further states that, to the best of its current knowledge and belief and without regard to any other purchases of products or services, it did not enter into any other contracts with the United States Department of Defense or any of its sub-agencies or any of the military services of the United States between December 12, 2016 and December 31, 2019.  NBME further states that, to the best of its current knowledge and belief, it does not have any purchase orders from the United States Department of Defense or any of its sub-agencies or any of the military services of the United States for the time period between December 12, 2016 and December 31, 2019, and that USU made purchases using the NBME portal system (i.e., online) without submitting purchase orders during the period from December 12, 2016-December 31, 2019.  NBME is not responding to this Request with respect to "financial transactions," for the reasons stated in the objections above.

**Request 11**:  Any and all contracts or purchase orders or financial transactions between NBME or USMLE on the one hand, and the United States Department of Education or any of its subagencies.

**Response to Request 11**: NBME objects to this Request to the extent that it seeks production of documents evidencing payments for products or services, for the reasons stated in General Objection No. 9.  NBME further objects to this Request and to the extent that it seeks production of "financial transactions," which are intangible.

- 12 -

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief and without regard to any purchases of products or services, it did not enter into any contracts with the United States Department of Education between December 12, 2016 and December 31, 2019.  NBME further states that, to the best of its current knowledge and belief, it does not have any purchase orders from the United States Department of Education from the period between December 12, 2016 and December 31, 2019.  NBME is not responding to this Request with respect to "financial transactions," for the reasons stated in the objections above.

**Request 12**:  Any services provided by any individual employed by a federal agency to the NBME or USMLE including but not limited to any services provided by Dr. Barbara E. Knoll-Mann-Ritchsel and/or Dr. Rita Deboyce and/or Dr. Karl Kronman or any other NBME committee member employed by the federal government.  For each such service identified, describe the nature of the service, any payment made by the NBME in exchange for that service including but not limited to any funds paid for travel, *per diem*, honorarium, food or expenses, the date of such service, the date of payment, and the amount of each payment.

**Response to Request 12**:  NBME objects to this request, which is a request for information, not a request for the production of documents.  NBME also objects to this Request

- 13 -

on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 6.

NBME refers to and incorporates by reference Response 19 in Defendant National Board of Medical Examiners' Responses to Plaintiff's Interrogatories Relating to Damages.  NBME is not producing any documents in response to this Request.

**Request 13**:  Each document which constitutes, records, reflects, relates or refers to any of the following:  PIID VA74114P008; any of the contracts or projects referenced in Plaintiff's Requests for Admissions Relating to Damages, Nos. 5, 7, 8, 9 or 10; Purchase Order VA74114P008; Purchase Order HU000114MV342; Purchase Order HU000115MV303; or Purchase Order HU000114MV317.

**Response to Request 13**:  NBME objects to this Request to the extent that it seeks "each" document that "records, reflects, relates or refers" to the documents listed, as such request seeks irrelevant information and is not proportional to the needs of the case, given that NBME has provided other information that relates directly to whether or not it received federal financial assistance during the relevant time period and beyond.  NBME further objects to this request to the extent that it seeks documents constituting the "contracts or projects" referenced in Plaintiff's Requests for Admissions Relating to Damages, Nos. 5, 7, 8, 9, or 10, as there were no contracts specified in any of these requests, and further objects to the request to the extent it seeks documents regarding the referenced "projects" on the grounds that this is vague, seeks information that is not

relevant to any party's claim or defense, and is not proportional to the needs of the case.  NBME further objects to this request on the grounds that it seeks information regarding procurement contracts from outside the time period relevant to Plaintiff's Section 504 claim and therefore seeks information that is not relevant to any party's claim or defense, and it is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).  NBME also incorporates General Objection No. 8.

Notwithstanding and without waiving the foregoing objections, NBME produced the contract documents for PIID VA74114P008 on February 5, 2021.  *See* Response No. 5.  NBME also produced contract summaries for HU00014M342, HU000115MV303, HU000114MV317, and HU000115MV253, as publicly available on www.usaspending.gov, on February 5, 2021.  To the best of NBME's current knowledge and belief, it has no documents in its possession constituting these historic purchase orders.

**Request 14**:  All communications regarding or relating to the receipt of federal financial assistance or the potential receipt of federal financial assistance.

**Response to Request 14**:  NBME objects to this request to the extent that it seeks "all communications" "regarding or relating to" the topics identified, including in particular the "potential receipt of federal financial assistance."  The request seeks, at most, discussions around the specific topics, but any such discussions do not subject NBME to coverage under Section 504 of the Rehabilitation Act.  This request therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit

(particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.   NBME also incorporates General Objection No. 8.

NBME is not producing any documents in response to this request.

**Request 15**:  Defendant's SAM registrations, SAM status, SAM renewals from January 1, 2014 through the present and any documents related in any way to SAM registration or any decision on renewing or not renewing SAMS registration.

**Response to Request 15**:   NBME objects to this request to the extent that it seeks information regarding "SAM status" on the grounds that this request is vague and does not appear to be a request for documents.  NBME further objects to this request to the extent that it seeks "documents related in any way to SAM registration or any decision on renewing or not renewing SAMS registration."  The request appears to seek discussions around the specific topics, but any such discussions do not subject NBME to coverage under Section 504 of the Rehabilitation Act.  Likewise, the fact that an entity is registered in SAM does not establish that the entity received federal financial assistance.  This request therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit

(particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME also objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.   NBME also incorporates General Objection No. 8.

Notwithstanding and without waiving these objections, NBME produced SAM registration documents for the August 1, 2017-August 1, 2018 period on February 5, 2021.  NBME will produce additional SAM registration documents by or before March 12, 2021.  NBME is not responding to any other part of this Request, for the reasons stated in the objections above.

**Request 16**:  All grant applications, bids, or documents otherwise relating to efforts to obtain federal funding of any kind.

**Response to Request 16:**  NBME objects to this request on the grounds that the term "bids" is vague.  NBME also objects to this request on the grounds that documents regarding "efforts" to obtain "federal funding of any kind" are not relevant to any party's claim or defense. "Efforts" to obtain funding do not subject NBME to coverage under Section 504 of the Rehabilitation Act.  NBME further objects to this request on the grounds that it seeks information regarding "federal funding of any kind," which would encompass payments from the federal government that do not constitute federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and thus seeks information that is not relevant to any party's claim or defense.  NBME also objects to this Request on the grounds that it seeks information that is not

relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 7.  NBME also incorporates General Objection No. 8.  This request is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the current challenges presented to NBME's staff during the COVID-19 pandemic).

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief, NBME did not submit any applications for federal grants during the period from December 12, 2016 to December 31, 2019.  NBME is not responding to any other part of this Request, for the reasons stated in the objections above.

Dated: March 9, 2021

Respectfully submitted,

*Caroline Mew*

DocuSigned by:
30792A0860E04C4...

Robert A. Burgoyne (*pro hac vice*)
Caroline M. Mew (*pro hac vice*)
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005
Tel: (202) 654-1744
rburgoyne@perkinscoie.com
cmew@perkinscoie.com

Michael E. Sacks (Bar No. 39774)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
Phone: 215-255-8596
Facsimile: 215-255-8583
sacksme@hamburg-golden.com

Attorneys for National Board of
Medical Examiners

151484310.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2021, a true and correct copy of the foregoing document

was served by electronic mail on the following:

Lawrence D. Berger, Esquire
Reisman Carolla Gran & Zuba, LLP
19 Chestnut Street
Haddonfield, N.J. 08033
larry@rcglawoffices.com

Mary C. Vargas
Stein & Vargas LLP
10 G St. NE, Suite 600
Washington, DC 20002
Mary.vargas@steinvargas.com

DocuSigned by:

*Caroline Mew*

30792A0860E04C4...

Exhibit B

NBME Response to Interrogatories

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA RAMSAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:19-cv-02002-JCJ** |
| ) | |
| **NATIONAL BOARD OF MEDICAL** ) | |
| **EXAMINERS,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES RELATING TO DAMAGES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and following an initial meet-and-confer with Plaintiff, Defendant National Board of Medical Examiners ("NBME") hereby provides these amended and supplemental responses to Plaintiff's Interrogatories Relating to Damages ("Interrogatories").

### GENERAL RESPONSES

1.      The following responses reflect NBME's current knowledge, information, and belief and may be subject to change or modification pursuant to Fed. R. Civ. P. 26(e) based on NBME's further discovery or on facts or circumstances that may come to NBME's knowledge.

2.      Nothing in these responses should be construed as waiving any rights or objections that otherwise might be available to NBME, and NBME's answering any of these Interrogatories should not be deemed an admission of relevancy, materiality, or admissibility in evidence of the discovery or the responses thereto.

## GENERAL OBJECTIONS

1.      NBME objects to these Interrogatories and their accompanying instructions to the extent that they exceed or differ from requirements under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

2.      NBME objects to Definition and Instructions 1.a and 3 to the extent that they define NBME to include any individual or entity other than NBME itself.  Unless otherwise noted below, NBME is responding to these Interrogatories solely with respect to NBME.

3.      NBME objects to Definition 1.o to the extent that it defines the term "services" in a manner that is inconsistent with its use in applicable regulations implementing Section 504 of the Rehabilitation Act, because it is vague, confusing, and overly broad, and does not seek information that is relevant to any party's claim or defense.

4.      NBME objects to these Interrogatories to the extent that they seek information regarding any funds received by "USMLE."  USMLE is a program, not a legal entity.  Unless otherwise noted below, NBME is not responding to Interrogatories as or with respect to the "USMLE."

5.      NBME objects to the time period covered by the Interrogatories.  To the extent these Interrogatories seek information regarding NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance during the period of time in which Plaintiff had a request for testing accommodations pending with NBME and as to which any claim by Plaintiff under Section 504 is not time-barred by the applicable two-year limitations period. Therefore, any receipt of federal financial assistance by NBME must have occurred between May 8, 2017 and March 27, 2019.  Nevertheless, in an effort to minimize discovery disputes and without

waiving this relevance objection, NBME will provide supplemental information for the period between December 12, 2016 (the date NBME received Ms. Ramsay's first request for testing accommodations) and December 31, 2019 (the date of the Court's order granting Ms. Ramsay's motion for preliminary injunction) for some Interrogatories, as stated below.

6.      NBME objects to the Interrogatories to the extent they seek disclosure of any confidential, non-public information, including in particular any confidential test content from the USMLE, disclosure of which could compromise the integrity of the examination.

7.      NBME objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

8.      NBME objects to the Interrogatories to the extent they seek information regarding purchases of, or payments for, products or services from NBME.  Such information would not show that NBME is subject to Section 504 of the Rehabilitation Act, as it would not show the receipt of a grant, loan, or other form of federal financial assistance.  Tracking down information relating to such purchases, particularly information regarding the individual or entity that made such purchases, would require detailed review of transaction records or individual payments (where available) and, even if available, such records may not reflect the identity of the actual payor.  Any such information is not relevant to any party's claim or defense and is not proportional to the needs of the case given the lack of need for this discovery in resolving the issues and the burden of the request (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic) relative to its likely benefit.  Unless otherwise stated below, NBME is not responding to any of the Interrogatories with regard to such information.

- 3 -

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

**<u>Interrogatory 1</u>**: Identify and describe each and every examination question developed by NBME as the result of PIID VA74114P008, the NBME accelerated development project to rapidly develop military health/veteran questions on the USMLE.

**<u>Response to Interrogatory 1</u>**:  NBME objects to this Interrogatory because the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced document -- PIID VA74114P008 -- is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that contract therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies were received prior to the end of the term of the contract.  Therefore, NBME did not receive any federal money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504, for the reasons stated in General Objection No. 5.

NBME also objects to this Interrogatory on the grounds that the substance of any examination question is completely irrelevant to any party's claim or defense, and because it seeks information regarding confidential, proprietary examination questions, disclosure of which could compromise the integrity of examination results and cause significant harm and expense to NBME (including the cost of replacing disclosed questions and the loss of test items for ongoing testing of individuals seeking medical licensure).  This Interrogatory therefore is not proportional to the needs of the case, given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

151484385.1

Based upon these objections, NBME is not providing a substantive response to this Interrogatory.

**Interrogatory 2**:  For each test question developed as the result of PIID VA74114P008, provide any and all dates that question was included in any NBME or USMLE examination, or utilized in any manner, including but not limited to as part of any USMLE step examination, any shelf examination, and/or any sample or study/test preparation materials.  If a question is still being used in current examination administrations, so state.

**Response to Interrogatory 2**:  NBME objects to this Interrogatory on the grounds that the information sought is irrelevant to any party's claim or defense, for three reasons.  First, the referenced document -- PIID VA74114P008 -- is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that contract therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies were received prior to the end of the term of the contract.  Therefore, NBME did not receive any money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504, for the reasons stated in General Objection No. 5.  Third, whether NBME used questions developed under the contract and the dates on which examination questions have been used is irrelevant to whether NBME received federal financial assistance during the relevant time period.  This Interrogatory is therefore not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

Notwithstanding and without waiving the foregoing objections, NBME states that test items written under the referenced contract appeared on all three USMLE Step exams between December 12, 2016 and December 31, 2019.  To the best of NBME's current knowledge and belief, none of the test items appeared in subject matter examinations or NBME Self-Assessments between December 12, 2016 and December 31, 2019.  NBME is not responding to the Interrogatory regarding any other "sample or study/test preparation materials" or the use of these test items outside the December 12, 2016-December 31, 2019 time period, for the reasons stated in the objections above.

**Interrogatory 3**:  Describe any and all grants, loans, contracts, or any other financial or non-financial arrangement that NBME or USMLE has entered into with federal, state, or local governments and/or any federally supported entity and/or federally supported private entity from January 1, 2014 to date and continuing.

**Response to Interrogatory 3**:  NBME objects to this Interrogatory on the ground that the references to any "financial or non-financial arrangement" and "federally supported" entities and/or private entities are vague.  NBME further objects to this request to the extent that it seeks information regarding "any and all grants, loans, contracts, or any other financial or non-financial arrangement" with state or local governments, "federally supported entities" or "federally supported private entities," because the request is overbroad and seeks information that would not show that NBME received federal financial assistance under Section 504 and therefore such information is not relevant to any party's claims or defenses.  This Interrogatory also is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

151484385.1

NBME also objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief, it did not enter into any grant or loan agreements with the federal government or any federal agency between December 12, 2016 and December 31, 2019.  NBME incorporates by reference its response to Interrogatory No. 10 with respect to financial transactions between NBME and the Uniformed Services University of the Health Sciences (USU) between December 12, 2016 and December 31, 2019.  To the best of NBME's current knowledge and belief and without regard to any other purchases of NBME products or services, it did not enter into any other contracts with the federal government or any federal government agency between December 12, 2016 and December 31, 2019.  NBME is not responding to this Interrogatory with respect to "financial arrangements" or "non-financial arrangements" with any of the specified entities or with respect to grants, loans, or contracts with any state or local government or any federally supported entity or federally supported private entity, for the reasons stated in the objections above.

**Interrogatory 4**:  Describe any and all financial and non-financial support (including but not limited to goods, equipment, services, personnel, and/or property on a temporary or permanent basis) which any government entity and/or any federally supported entity and/or federally

supported private entity has provided to support any program, service, activity, or function of NBME or USMLE.

**Response to Interrogatory 4**:  NBME objects to this Interrogatory on the grounds that the references to "support," any "government entity," any "federally supported entity," and any "federally supported private entity" are vague.  NBME further objects to this Interrogatory to the extent that it seeks information regarding "any and all financial and non-financial support" by "any government entity" (whether federal, state, or local) or "any federally supported entity and/or federally supported private entity" on the grounds that this Interrogatory is overbroad and seeks information that is not relevant to any party's claim or defense.  This Interrogatory also is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Given these objections, including the uncertainty over what Plaintiff means by the term "support" in this Interrogatory, NBME is not providing a substantive response to this Interrogatory, but it references its other Interrogatory responses to the extent they may provide the type of information Plaintiff may be seeking in this Interrogatory.

- 8 -

**Interrogatory 5**:  Describe any and all forms of nonmonetary goods, equipment, services, personnel and/or property that NBME or USMLE has received from or been permitted to use on a permanent or temporary basis by any federal, state, or municipal entity and/or any federally supported entity and/or federally supported private entity.

**Response to Interrogatory 5**:   NBME objects to this Interrogatory on the grounds that the references to the "receipt" or "permission to use" are vague as applied to "services" and "personnel" and on the grounds that the references to any federal, state, or municipal "entity," any "federally supported entity," and any "federally supported private entity" are vague.  NBME further objects to the Interrogatory on the grounds that it is overly broad and the information sought is not relevant to any party's claim or defense.  This Interrogatory is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving these objections, NBME states that, to the best of its current knowledge and belief, NBME has not "received" or been "permitted to use" any goods, equipment, or property of the federal government during the period from December 12, 2016 to December 31, 2019.  NBME is not providing a substantive response to this Interrogatory regarding

non-monetary goods, equipment, services, personnel and or/property from any state, municipal, federally supported entity, or federally supported private entity, or "services" or "personnel" from any such entity, for the reasons stated in the objections above. NBME, however, refers to and incorporates by reference its response to Interrogatory No. 19 to the extent it provides any of the information sought in this Interrogatory.

**Interrogatory 6**: Describe any and all financial and non-financial assistance (including but not limited to goods, equipment, services, personnel, and/or property on a temporary or permanent basis) which NBME or USMLE has received for full or partial payment of fees for the USMLE from any federal, state, or municipal entity, including but not limited to the Michigan Veterans Affairs Agency or any state agency related to veterans benefits and/or the Michigan Bureau of Service for Blind Persons or any state agency related to vocational rehabilitation, the U.S. Department of Veterans Affairs, the U.S. Department of Defense, and/or the U.S. Department of Education.

**Response to Interrogatory 6**: NBME objects to this Interrogatory on the grounds that the terms "federal, state, or municipal entity" are vague. NBME further objects to this Interrogatory on the grounds that the terms "financial and non-financial assistance" are vague as used by Plaintiff and call for a legal conclusion. NBME also objects to this Interrogatory to the extent that it seeks information regarding receipt of "any and all financial and non-financial assistance" from any state or municipal entity or information regarding "non-financial assistance" from a federal entity on the grounds that the information sought is not relevant to any party's claim or defense. This Interrogatory is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance during the periods of time between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving these objections, NBME states that between December 12, 2016 and December 31, 2019, it received payments from the Uniformed Services University of the Health Sciences (USU) for students' USMLE registration fees but denies that this constituted "federal financial assistance" within the meaning of Section 504 of the Rehabilitation Act.  NBME further states that it is unaware of any funds having been received by NBME within this period from the Michigan Veterans Affairs Agency or any other state agency related to veterans benefits, or from the Michigan Bureau of Service for Blind Persons or any other state agency related to vocational rehabilitation, which were provided by way of funding to such state agencies by the federal government for the purpose of payment to NBME for the USMLE.

**Interrogatory 7**:  Describe any and all activities and/or functions of NBME and USMLE and the source(s) of funding used for each.

**Response to Interrogatory 7**:  NBME objects to this Interrogatory, which seeks a description of every function or activity conducted by NBME or "USMLE" over the course of seven years and an explanation of funding for each activity regardless of the source.  This Interrogatory is grossly overbroad and therefore seeks information that is not relevant to any party's claim or defense.  This Interrogatory is not proportional to the needs of the case given the

lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges to NBME's staff during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request. To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5. NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving the foregoing objections, NBME states that information regarding its activities and can be found at https://nbme.org/ and information regarding the USMLE can be found at https://usmle.org/. NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 8**:  Describe any and all funds and/or remuneration which NBME and USMLE receive from the Federation of State Medical Boards.

**Response to Interrogatory 8**:  NBME objects to this Interrogatory on the grounds that the information sought regarding "funds and/or remuneration" received from the Federation of State Medical Boards, a separate private entity, is not relevant to any party's claim or defense. NBME further objects to this Interrogatory on the grounds that it is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Based upon these objections, NBME is not providing a substantive response to this Interrogatory.

**Interrogatory 9**:  Describe any and all procedures for tracking receipt and/or disbursement of direct and indirect funds and/or disbursements received by NBME or USMLE from any federal, state, municipal and/or federally assisted entity including identification of any software and/or applications used for same.

**Response to Interrogatory 9**:  NBME objects to this Interrogatory on the grounds that the terms "tracking," "indirect funds and/or disbursements," "entity," and "federally assisted entity" are vague.  NBME further objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense, both overall and specifically with request for information regarding "state, municipal, and/or federally assisted entities."  NBME further objects to this Interrogatory on the grounds that it is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the challenges presented to NBME's staff during the COVID-19 pandemic).

NBME also objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has

151484385.1

anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving the foregoing objections, NBME states that, between December 12, 2016 and December 31, 2019, it kept track of online purchases by USU relating to subject matter examinations, USMLE registrations, and the NSAS Voucher Program (*see* Response to Interrogatory No. 10) in its finance department, in the same way it keeps track of similar purchases by other individuals and entities.  Information is entered by the purchasing individual or entity through a web-based ordering system and the data is maintained by NBME in a database.  NBME does not have a specific system for tracking whether a federal government agency is paying for routine exam registration fees.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 10**:   Identify any and all direct and/or indirect federal funds and/or disbursements entered into the books and/or records of NBME or USMLE reflecting the transfer or allocation of funds from any federally derived source to NBME or USMLE.

**Response to Interrogatory 10**:  NBME objects to this Interrogatory on the grounds that the terms "indirect federal funds and/or disbursements," "transfer or allocation of funds," "entered into the books and/or records," and "any federally derived source" are vague.  NBME further objects to this Interrogatory on the grounds that its request for information regarding funds or disbursements "entered into the books and/or records" of NBME is vague, and the request does not seek information relevant to any party's claim or defense.

- 14 -

NBME also objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving the foregoing objections, and without conceding that this constitutes the "transfer or allocation of funds from any federally derived source," NBME states that between December 12, 2016 and December 31, 2019, it received approximately $400,000 in fees from USU, which allowed USU to administer USMLE subject matter examinations to USU students, and approximately $70,000 from USU as payment for the NBME Self-Assessment Services (NSAS) Voucher Program.  NBME further states that it received approximately $1,600,000 from USU during this time period as payment for students' registration fees for the USMLE.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 11**:  Identify any funds or relationships between NBME or USMLE and publicly funded institutions, including but not limited to universities, colleges, and medical schools, for administration of any examinations including shelf examinations.

**Response to Interrogatory 11**:  NBME objects to this Interrogatory on the grounds that it is vague and the information sought is not relevant to any party's claim or defense.  NBME further objects to this Interrogatory on the grounds that it is not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative

to its likely benefit (particularly in light of the challenges to NBME's staff during the COVID-19 pandemic).

NBME also objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Based upon these objections, NBME is not providing a substantive response to this Interrogatory.

**Interrogatory 12**:  Describe in detail any relationship, formal or informal, between the Uniformed Services University and NBME or USMLE.

**Response to Interrogatory 12**:  NBME objects to this Interrogatory on the grounds that the reference to "any relationship" is vague and on the grounds that the information sought is not relevant to any party's claim or defense.

NBME also objects to this Interrogatory on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, NBME states that the "relationship" between NBME and USU is vendor-vendee.

**Interrogatory 13**:  Describe each and every financial transaction between the Uniformed Services University and NBME or USMLE.

**Response to Interrogatory 13**:  NBME objects to this Interrogatory on the grounds that the information sought is not relevant to any party's claim or defense.  NBME further objects to this Interrogatory on the grounds that, depending on what Plaintiff intended by this request, the request for a "description" of "each and every financial transaction," is potentially not proportional to the needs of the case given the lack of any need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the current strain on NBME's human resources during the COVID-19 pandemic).

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4 and General Objection No. 8.

Notwithstanding and without waiving these objections, NBME states that between December 12, 2016 and December 31, 2019, it received approximately $400,000 in fees from USU, which allowed USU to administer NBME subject matter examinations to USU students and approximately $70,000 from USU as payment for the NBME Self-Assessment Services (NSAS)

Voucher Program.  NBME further states that it received approximately $1,600,000 from USU during this time period as payment for students' registration fees for the USMLE.

**Interrogatory 14**:  Identify and describe all funds received by NBME or USMLE from the United States Department of Veterans Affairs or any of its subagencies, including the date of funds received, the amount of funds received, the purpose or intended use of the funds, and the completion date for the project.

**Response to Interrogatory 14**:  NBME objects to this Interrogatory to the extent that it seeks a specific breakdown of the funds received or "the completion date for the project," as this information is not relevant to any party's claim or defense.  NBME also objects to this request to the extent that it seeks information regarding payments for products or services, for the reasons stated in General Objection No. 8.

NBME further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, NBME states that, to the best of its current knowledge and belief and without regard to any payments for products or services, it did not receive any funds from the United States Department of Veterans Affairs or any of its sub-agencies between December 12, 2016 and December 31, 2019.  NBME further states that payment under contract VA74114 P008 was received in March 2014.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

- 18 -

**Interrogatory 15**:  Identify and describe all funds received by NBME or USMLE from the United States Department of Defense or any of its subdivisions or subagencies, or any of the uniformed military services of the United States, including the date of funds received, the amount of funds received, the purpose or intended use of the funds, and the completion date for the project.

**Response to Interrogatory 15**:  NBME objects to this Interrogatory to the extent that it seeks a specific breakdown of funds received or "the completion date for the project," as this information is not relevant to any party's claim or defense.  NBME also objects to this request to the extent that it seeks information regarding payments for products or services, for the reasons stated in General Objection No. 8.

NBME further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, and subject to the qualification that NBME does not know whether these funds are accurately described as funds from the "United States Department of Defense or any of its subdivisions or subagencies, or any of the uniformed military services of the United States," NBME states that between December 12, 2016 and December 31, 2019, it received approximately $400,000 in fees from USU, which allowed USU to administer NBME subject matter examinations to USU students, and approximately $70,000 from USU as payment for the NBME Self-Assessment Services (NSAS) Voucher Program.  NBME further states that it received approximately $1,600,000 from USU

- 19 -

during this time period as payment for students' registration for the USMLE.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 16**:  Identify and describe all funds received by NBME or USMLE from the United States Department of Education, including the date of funds received, the amount of funds received, the purpose or intended use of the funds, and the completion date for the project.

**Response to Interrogatory 16**:  NBME objects to this Interrogatory to the extent that it seeks a specific breakdown of funds received or "the completion date for the project," as this information is not relevant to any party's claim or defense.  NBME also objects to this request to the extent that it seeks information regarding payments for products or services, for the reasons stated in General Objection No. 8.

NBME further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, NBME states that, to the best of its current knowledge and belief and without regard to any payments for products or services, it did not receive any funds from the United States Department of Education between December 12, 2016 and December 31, 2019.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 17**:  Identify and describe any funding of any kind received by NBME or USMLE from any federal, state, municipal and/or federally assisted entity for administration of testing to U.S. military personnel or veterans.

**Response to Interrogatory 17**:  NBME objects to this Interrogatory on the grounds that the references to funding "of any kind" any "federally assisted entity" and its use of the term "entity" are vague.  NBME further objects to this request on the grounds that the information sought with respect to funding of "any kind" from any federal, state, municipal, and/or federally assisted entity is overly broad and seeks information that is not relevant to any party's claim or defense.  NBME also incorporates General Objection No. 8.

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, NBME states that between December 12, 2016 and December 31, 2019, it received approximately $400,000 from the Uniformed Services University of the Health Sciences (USU) in fees from USU, which allowed USU to administer NBME subject matter examinations to USU students, approximately $70,000 from USU as payment for the National Self-Assessment Services (NSAS) Voucher Program, and approximately $1,600,000 from USU during this time period as payment for students' registration for the USMLE.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

**Interrogatory 18**:  Describe in detail any and all funding or other benefits received by NBME for the administration of shelf exams (also known as subject matter exams) to students at the Uniformed Services University.

**Response to Interrogatory 18**:  NBME objects to this Interrogatory on the grounds that the reference to "funding or other benefits" is vague.  NBME further objects to this Interrogatory to the extent it suggests that NBME administers subject matter examinations at the Uniformed Services University.  NBME also incorporates General Objection No. 8.

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 5.

Notwithstanding and without waiving the foregoing objections, NBME states that between December 12, 2016 and December 31, 2019, it received approximately $400,000 as fees from the USU, which allowed USU to administer NBME subject matter examinations to USU students, but denies that this constituted receipt of "funding" or any other "benefit."

**Interrogatory 19**:  Describe in detail any and all services provided by any individual employed by a federal agency to the NBME or USMLE including but not limited to any services provided by Dr. Barbara E. Knoll-Mann-Ritschel and/or Dr. Rita Deboyce and/or Dr. Karl Kronman or any other NBME or USMLE committee member employed by the federal government.  For each such service identified, describe the nature of the service, any payment

made by NBME or USMLE in exchange for that service, the date of such service, the date of payment, and the amount of each payment.

**Response to Interrogatory 19**:  NBME objects to this Interrogatory to the extent that the term "service" is vague or calls for a legal conclusion.  NBME further objects to this Interrogatory to the extent that it requests a "detailed" description of "any and all" services provided as this request is vague, overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case.

NBME further objects to this request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the request.  To the extent this request has anything to do with NBME's alleged receipt of federal financial assistance, the only relevant issue is whether NBME received federal financial assistance from May 8, 2017 through March 27, 2019, for the reasons stated in General Objection No. 5.  NBME also incorporates General Objection No. 4.

Notwithstanding and without waiving the foregoing objections, NBME states that NBME membership includes individuals and entities who represent constituencies or perspectives appropriate to carry out the work of NBME, including the surgeons general of the Army, Navy, Air Force, and Public Health Service and the chief medical director of the Department of Veterans Affairs or members nominated by one of these individuals to participate in their stead.  During the period between December 12, 2016 and December 31, 2019, the following individuals were organizational representatives in the NBME membership: (1) Col. Michael Forgione, Jr., MD, Organizational Representative appointed by the U.S. Air Force; (2) Col. Kent DeZee, MD, MPH, Organizational Representative appointed by the U.S. Army; (3) Capt. William A. Beckman, Jr., MD, Organizations Representative appointed by the U.S. Navy; (4) Capt. Paul L. Reed, MD,

- 23 -

Organizational Representative appointed by the U.S. Public Health Service; and (5) Marjorie A. Bowman, MD, MPA, Organizational Representative appointed by the Department of Veterans Affairs.  These and other participants in NBME membership do not receive payment or an honoraria for their participation in NBME membership.  During meetings, they are eligible to receive meals and are eligible to receive reimbursement of hotel and other travel-related expenses. Karen M. Sanders, M.D., Deputy Chief, Office of Academic Affiliations, Veterans Health Administration, also served as a member of the NBME Executive Board and was in the NBME membership during the relevant time period.  Members of the Executive Board are eligible for payment of an honoraria for their participation.  During meetings, Executive Board members are eligible to receive meals and are eligible to receive reimbursement of hotel and other travel-related expenses.  Dr. Sanders has declined the honoraria for her participation on the Executive Board and has not sought reimbursement of expenses during the relevant time period.

During the period between December 12, 2016 and December 31, 2019, Dr. Kronman served on the USMLE Chronic Care Test Material Development Committee.  He received $3,300 in honoraria payments for his participation on this committee during this time period (some or all of the payments may have been paid to the Naval Medical Center).  Dr. Knollman-Ritschel served on the Step 1 Interdisciplinary Review Committee and the International Foundations of Medicine Basic Science Task Force during this time period.  She received honoraria payments totaling $2,450 for her participation on this committee and this task force during this time period.  Dr. DuBoyce served on the USMLE Computer-based Case Simulations Committee, the Step 3 CCS Interdisciplinary Review Committee, and the Step 3 Forms Review Committee during this time period.  She received honoraria payments totaling $4,600 for her participation on these committees during this time period.

**Interrogatory 20**:  Identify each document which constitutes, records, reflects, relates or refers to any of the following:  PIID VA74114P008; PIID; any of the contracts or projects referenced in plaintiff's Second Set of Requests for Admissions, Nos. 5, 7, 8, 9 or 10; Purchase Order VA74114P0008; Purchase Order HU000114MB342; Purchase Order HU000115MB303; or Purchase Order HU000114MV317.

**Response to Interrogatory 20**:  NBME objects to this Interrogatory to the extent that it seeks identification of each document that "records, reflects, relates, or refers" to the documents listed, as such request is seeks irrelevant information and is not proportional to the needs of the case, given the lack of relevance of the underlying contracts themselves.  NBME further objects to this request to the extent that it seeks documents constituting the "contracts or projects" referenced in Plaintiff's Requests for Admissions Relating to Damages, Nos. 5, 7, 8, 9, or 10, as there were no contracts specified in any of these requests, and further objects to the request to the extent it seeks documents regarding the referenced "projects" on the grounds that this is vague and seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case.  NBME further objects to this request on the grounds that it seeks information regarding procurement contracts from outside the time period relevant to Plaintiff's Section 504 claim, and therefore seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case given the lack of any  need for this discovery in resolving the issues and the burden of the request relative to its likely benefit (particularly in light of the current strain on NBME's staff during the COVID-19 pandemic).

Notwithstanding and without waiving the foregoing objections, NBME incorporates its responses to Document Request No. 13.  NBME is not otherwise responding to this Interrogatory, for the reasons stated in the objections above.

Dated: March 9, 2021                    Respectfully submitted as to
                                        objections,

DocuSigned by:

*Caroline Mew*

———————————————————————
30792A0860E04C4...

Robert A. Burgoyne (*pro hac vice*)
Caroline M. Mew (*pro hac vice*)
Perkins Coie LLP
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1744
rburgoyne@perkinscoie.com
cmew@perkinscoie.com

Michael E. Sacks (Bar No. 39774)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
Phone: 215-255-8596
Facsimile: 215-255-8583
sacksme@hamburg-golden.com

Attorneys for National Board of
Medical Examiners

- 26 -

151484385.1

## **<u>VERIFICATION</u>**

I hereby verify under the penalty of perjury that the foregoing responses are true and

correct to the best of my knowledge, information, and belief.

Executed on March 9, 2021

DocuSigned by:

*Suzanne Williams*

6D7F742CE2874FA...

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2021, a true and correct copy of the foregoing document

and attachments was served by electronic mail on the following:

    Lawrence D. Berger, Esquire
    Reisman Carolla Gran & Zuba, LLP
    19 Chestnut Street
    Haddonfield, N.J. 08033
    larry@rcglawoffices.com

    Mary C. Vargas
    Stein & Vargas LLP
    10 G St. NE, Suite 600
    Washington, DC 20002
    Mary.vargas@steinvargas.com

DocuSigned by:

*Caroline Mew*

30792A0860E04C4...

151484385.1

Exhibit C

NBME Response to Requests for Admissions

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA RAMSAY,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:19-cv-02002-JCJ** |
| ) | |
| **NATIONAL BOARD OF MEDICAL** ) | |
| **EXAMINERS,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS'
AMENDED AND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S REQUESTS FOR ADMISSIONS RELATING TO DAMAGES**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and following an initial meet-and-confer with Plaintiff, Defendant National Board of Medical Examiners ("NBME") hereby provides these amended and supplemental responses to Plaintiff's Requests for Admissions Relating to Damages ("Requests").

## GENERAL RESPONSES

**General Response No. 1**:  Nothing in these responses should be construed as waiving any rights or objections that otherwise might be available to NBME, and NBME's answering any of these Requests should not be deemed an admission of relevancy, materiality, or admissibility in evidence of the discovery or the responses thereto.

## GENERAL OBJECTIONS

**General Objection No. 1**:  NBME objects to Definition A.  Plaintiffs purport to define "Federal financial assistance" based on all regulations implementing Section 504 of the Rehabilitation Act, then provide regulatory language specific to the U.S. Department of Education, which is not applicable to this case, and then cite to three non-exclusive "examples" of applicable

regulations.  This definition is therefore vague and inapposite to this case, and requests for admission based on this definition are not simple and direct.

**General Objection No. 2**:  NBME objects that there is no time limitation to many of the Requests.  To the extent these Requests seek information regarding NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance during the period of time in which Plaintiff had a request for testing accommodations pending with NBME and as to which any claim by Plaintiff under Section 504 is not time-barred by the applicable two-year limitations period. Therefore, any receipt of federal financial assistance by NBME must have occurred between May 8, 2017 and March 27, 2019.  Nevertheless, in an effort to minimize discovery disputes and without waiving this relevance objection, NBME will provide supplemental information for the period between December 12, 2016 (the date NBME received Ms. Ramsay's first request for testing accommodations) and December 31, 2019 (the date of the Court's order granting Ms. Ramsay's motion for preliminary injunction) for some Requests, as stated below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Request for Admission #1**: NBME and the Federation of State Medical Boards own and co-sponsor the United States Medical Licensing Exam per https://www.usmle.org/about.

**Response to Request #1**:  Admitted.

**Request for Admission #2**:  NBME received funds from the Federation of State Medical Boards between 2014 and the present.

**Response to Request #2**:  NBME objects to this Request.  Whether or not NBME received funds from the Federation of State Medical Boards is not relevant to any party's claim or defense.

- 2 -

NBME further objects to this Request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #3**:   The Federation of State Medical Boards has received federal financial assistance between 2014 and the present.

**Response to Request #3**:   NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense because it asks for information relating to a third party.  NBME also objects to this Request on the grounds that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1. NBME further objects to this Request on the grounds that it calls for a legal conclusion and it does not pertain to facts, the application of law to fact, or opinions about either.

NBME further objects to this Request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request # 4**:  NBME received federal financial assistance between 2014 and the present.

**Response to Request #4**:  NBME objects to this Request on the grounds that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1. NBME further objects to this Request on the grounds that it calls for a legal conclusion on an

ultimate issue in the case, and it does not pertain to facts, the application of law to fact, or opinions about either).

NBME also objects to this Request on the grounds that it seeks information that is irrelevant to any party's claim or defense given the time period of the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #5**:  NBME received $21,000 from the United States Department of Defense through a contract signed December 9, 2013.

**Response to Request #5**:  NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000114MV342 as reported on "usaspending.gov," the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced purchase order is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #6**:  NBME received $196,006 from the United States Department of Veterans Affairs through a contract signed November 27, 2013 (Purchase Order VA74114P0008).

**Response to Request #6**:  NBME objects to this Request because the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced contract is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that contract therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies received under that contract were received prior to the end of the term of the purchase order. Therefore, NBME did not receive any federal money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

Notwithstanding and without waiving the foregoing objections, NBME admits that it was paid $196,006 by the United States Department of Veterans Affairs in March 2014 pursuant to a procurement contract signed on November 27, 2013 by the Contracting Officer and November 13, 2013 by NBME.

**Request #7**:  NBME received $4,756 from the United States Department of Defense pursuant to a contract signed December 23, 2014.

**Response to Request #7**:  NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000115MV253 as reported on "usaspending.gov," the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced purchase

order is a procurement contract, not a grant, loan or other form of federal financial assistance. Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #8**:  NBME received $76,610 from the United States Department of Defense through a contract signed July 11, 2014.

**Response to Request #8**:  NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000114MV317 as reported on "usaspending.gov," the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced purchase order is a procurement contract, not a grant, loan or other form of federal financial assistance. Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

- 6 -

**Request #9**:  NBME's receipt of $196,006 from the United States Department of Defense was for the purpose of developing questions for the USMLE.

**Response to Request #9**:  NBME objects to this Request.  It appears to refer to Purchase Order PIID VA74114P0008, which was a purchase order with the Department of Veterans Affairs, not the Department of Defense.  NBME further objects because the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced contract is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies received under that contract were received prior to the end of the term of the purchase order.  Therefore, NBME did not receive any federal money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

Notwithstanding and without waiving the foregoing general objections, NBME admits that the stated purpose of the contract (per the Statement of Work) includes "to rapidly develop military health/Veteran questions on the United States Medical Licensing Exam."

**Request #10**:  The project for which the United States Department of Defense paid $196,006 to NBME to develop USMLE questions continued to at least November 30, 2016.

**Response to Request #10**:  NBME objects to this Request.  It appears to refer to ~~Purchase Order PIID~~ VA74114P0008, which was a contract with the Department of Veterans Affairs, not

- 7 -

the Department of Defense.  NBME further objects to this Request because the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced contract is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that contract therefore provide no basis for asserting a claim against NBME under Section 504.  Second, and in any event, the term of that contract ended in 2015, and all monies received under that contract were received prior to the end of the term of that contract.  Therefore, NBME did not receive any federal money under that contract at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

Notwithstanding and without waiving the foregoing objections, denied.

**Request #11**:  USMLE Registration fees for veterans living in Michigan who take the United States Medical Licensing Examination are paid by the Michigan Veterans Affairs Agency with federal funds.

**Response to Request #11**:  NBME objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense, for two reasons.  First, the Request seeks information regarding any payments made by the Michigan Veterans Affairs Agency with any federal funds, as opposed to federal funds earmarked specifically for payment to NBME for the USMLE.  Second, there is no time parameter to the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal

- 8 -

financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.  NBME further objects to this request on the grounds that it is compound.

Notwithstanding and without waiving the foregoing objections, based on current knowledge and belief, denied for the period from December 12, 2016 to December 31, 2019.

**Request #12**:  Western Michigan University is a testing center for the NBME insofar as it administers NBME's shelf examinations.

**Response to Request #12**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense, and on the grounds that the reference to "testing center" is vague.

NBME further objects to the extent that there is no time parameter to the Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

Notwithstanding and without waiving the foregoing objections, denied.  Western Michigan University purchases subject matter examination services from NBME for administration to its students.  Western Michigan University does not administer subject matter examinations on behalf of NBME and is not a "testing center for NBME."

**Request #13**:  NBME had revenue of $175,000,000 in 2018.

**Response to Request #13**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense.

Notwithstanding and without waiving the foregoing objection, NBME admits that it had revenue of approximately $175,000,000 in 2018.

**Request #14**:  In 2018, NBME paid $892,174 for legal services.

**Response to Request #14**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense.

**Request #15**:  At all times when Jessica Ramsay requested accommodations for the USMLE, NBME and/or USMLE was a recipient of federal financial assistance.

**Response to Request #15**:  NBME objects to this Request on the grounds that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1. NBME further objects to this Request on the grounds that it calls for a legal conclusion on an ultimate issue in the case, and it does not pertain to facts, the application of law to fact, or opinions about either.

NBME also objects to this request to the extent that it seeks information regarding receipt of federal financial assistance by "USMLE."  USMLE is a program, not an entity.

NBME also objects to the time frame of this Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #16**:  Prometric receives federal financial assistance.

**Response to Request #16**:  NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense because it asks for information relating to a third party.  NBME further objects that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1.  NBME further objects to this

- 10 -

Request on the grounds that it calls for a legal conclusion and it does not pertain to facts, the application of law to fact, or opinions about either.

NBME also objects on the grounds that there is no time limitation to this Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #17**:   The Federation of State Medical Boards receives federal financial assistance.

**Response to Request #17**:   NBME objects to this Request on the grounds that the information sought is not relevant to any party's claim or defense because it asks for information relating to a third party.  NBME further objects that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1.  NBME further objects to this Request on the grounds that it calls for a legal conclusion and it does not pertain to facts, the application of law to fact, or opinions about either.

NBME also objects on the grounds that there is no time limitation to this Request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #18**:  Employees of federal government agencies serve on NBME and USMLE Committees.

**Response to Request #18**:  NBME objects to this Request to the extent that there is no time limitation to the request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.  NBME further objects to this request to the extent that it refers to "USMLE Committees," as USMLE is not an entity.  NBME interprets this to mean an NBME committee or task force related in some way to the USMLE.

Notwithstanding and without waiving the foregoing objections, NBME admits that between December 12, 2016 and December 31, 2019, individuals whom NBME understood to be employees of federal government agencies served on NBME committees/task forces, but it denies that this constituted the receipt of federal financial assistance.

**Request #19**:  Employees of federal government agencies who serve on NBME and USMLE Committees are not compensated by the NBME or USMLE for their time or expense.

**Response to Request #19**:  NBME objects to this Request to the extent that there is no time limitation to the request.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.  NBME further objects to this request to the extent that it refers to "USMLE Committees," as USMLE is not an entity.  NBME interprets this to mean an NBME committee or task force related in some way to the USMLE.  NBME also objects that the word "compensated" is vague.  NBME interprets the word to mean a monetary payment.

Notwithstanding and without waiving the foregoing objections, denied insofar as employees of federal government agencies who served on NBME committees/task forces related to the USMLE received honoraria and were eligible for reimbursement of certain travel expenses.

**Request #20**:  Between 2001 and the present, NBME has received at least $769,400 in federal financial assistance.

**Response to Request #20**:  NBME objects to this Request on the grounds that the reference to "federal financial assistance" as defined by Plaintiff is vague.  *See* General Objection No. 1. NBME further objects to this Request on the grounds that it calls for a legal conclusion on an ultimate issue in the case, and it does not pertain to facts, the application of law to fact, or opinions about either.

NBME also objects to this Request to the extent that it seeks information dating back to 2001.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #21**:   Between 2014 and the present NBME has received funds from the Uniformed Services University.

**Response to Request #21**:  NBME objects to this Request to the extent that it relates to the receipt of any "funds" from the Uniformed Services University, and thus seeks information that is not relevant to any party's claim or defense.  NBME also objects to this Request to the extent that it seeks information dating back to 2014.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial

- 13 -

assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

Notwithstanding the foregoing objections and based on its current knowledge and belief, NBME admits that it received payments from the Uniformed Services University between December 12, 2016 and December 31, 2019, states that these payments were received in exchange for goods and services, and denies that these payments constituted "federal financial assistance" within the meaning of Section 504 of the Rehabilitation Act.

**Request #22**:  Purchase Order HU000114MV342 awards NBME up to $21,000 in federal funds for Comprehensive Basic Self-Assessment Vouchers with expanded feedback for the Class of 2015 and 2016.

**Response to Request #22**:  NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000114MV342 as reported on "usaspending.gov," the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced purchase order is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504.  To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #23**:   Purchase Order HU000115MV303 awards NBME up to $19,250 for Comprehensive Basic Self-Assessment.

**Response to Request #23**:   NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000115MV303 as reported on "usaspending.gov," the information sought is not relevant to any party's claim or defense, for two reasons.  First, the referenced purchase order is a procurement contract, not a grant, loan or other form of federal financial assistance.  Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period as to which Plaintiff might otherwise have a viable claim under Section 504. To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #24**:   Purchase Order HU000114MV317 obligated up to $76,610 in funds to NBME for an NBME subscription and 185 student exams.

**Response to Request #24**:   NBME objects to this Request.  Assuming this request refers to Purchase Order PIID HU000114MV317 as reported on "usaspending.gov," the information sought is irrelevant to any party's claim or defense, for two reasons.  First, the referenced purchase order is a procurement contract, not a grant, loan or other form of federal financial assistance. Monies received under that purchase order therefore provide no basis for asserting a claim against NBME under Section 504.  Second, to the best of NBME's current knowledge and belief, it did not receive any federal money under that purchase order at any time that overlaps with the period

- 15 -

as to which Plaintiff might otherwise have a viable claim under Section 504. To the extent this Request has anything to do with NBME's alleged receipt of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, the only relevant issue is whether NBME received federal financial assistance between May 8, 2017 and March 27, 2019, for the reasons stated in General Objection No. 2.

**Request #25**:  Medical students with higher scores on Step 1 of the USMLE have an advantage over medical students with a lower score on Step 1 of the USMLE in the residency match.

**Response to Request #25**:  NBME objects to this request on the grounds that the information sought is irrelevant to any party's claim or defense. NBME further objects to this request on the grounds that it is vague and generalized across all medical students and all residency programs and ignores the role of other attributes in the residency match, and on the grounds that NBME does not run the residency match or make residency decisions.

Given the generalized nature of the statement, denied.

Dated: March 9, 2021                    Respectfully submitted,

DocuSigned by:

*Caroline Mew*

30792A0860E04C4...

Robert A. Burgoyne (*pro hac vice*)
Caroline M. Mew (*pro hac vice*)
Perkins Coie LLP
700 13th Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 654-1744
rburgoyne@perkinscoie.com
cmew@perkinscoie.com

Michael E. Sacks (Bar No. 39774)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
Phone: 215-255-8596
Facsimile: 215-255-8583
sacksme@hamburg-golden.com

Attorneys for National Board of Medical
Examiners

150560511.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a true and correct copy of the foregoing document

was served by electronic mail on the following:

Lawrence D. Berger, Esquire
Reisman Carolla Gran & Zuba, LLP
19 Chestnut Street
Haddonfield, N.J. 08033
larry@rcglawoffices.com

Mary C. Vargas
Stein & Vargas LLP
10 G St. NE, Suite 600
Washington, DC 20002
Mary.vargas@steinvargas.com

DocuSigned by:

*Caroline Mew*

30793A0860E04C4...

- 18 -