**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA RAMSAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 2:19-cv-02002-JCJ** |
| | ) |
| **NATIONAL BOARD OF MEDICAL** | ) |
| **EXAMINERS,** | ) |
| | ) |
| **Defendant.** | ) |

## NBME'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff Jessica Ramsay ("Plaintiff" or "Ms. Ramsay") served sweeping discovery requests on defendant National Board of Medical Examinations ("NBME"), consisting of twenty interrogatories, sixteen requests for production of documents, and twenty-five requests for admission, all purportedly relating to her allegation that NBME receives federal financial assistance and therefore is subject to Section 504 of the Rehabilitation Act. NBME timely responded to her requests, reasonably and in good faith, and in an effort to narrow any discovery disputes, it also supplemented its discovery responses following an initial meet-and-confer between counsel. Despite NBME's efforts, Ms. Ramsay has moved to compel the production of additional discovery. *See* Mot. to Compel (Dkt. 48).

Ms. Ramsay's discovery requests were not reasonably propounded to seek relevant information that is proportional to the needs of the case. Many of her requests are dense, multi-part requests for information and documents that go far beyond discovery into whether NBME received federal financial assistance during the relevant time period. *See, e.g.,* Interrogatory 11 ("Identify any funds or relationships between NBME or USMLE and publicly funded institutions, including but not limited to universities, colleges, and medical schools, for administration of any

examinations including shelf examinations.).  And she now seeks to compel responses to a host of requests without attempting to show that the requests at issue seek relevant information, despite her burden on a motion to compel.

Ms. Ramsay's arguments are organized by topic rather than by specific discovery request and response.  *See* Pls.' Mem. of Law in Supp. of Mot. to Compel (Dkt. 48-1) ("Pl. Br.").  This approach inhibits an orderly and reasoned assessment of her motion to compel, because her arguments do not always correlate to the specific discovery requests identified in her motion and proposed order or account for the specific objections and responses made by NBME to those requests.  To avoid confusion, NBME will respond to Ms. Ramsay's topic-related arguments but will also address the specific requests identified in her motion and proposed order.

## **BACKGROUND**

Ms. Ramsay's discovery requests relate to her claim under Section 504 of the Rehabilitation Act.  Entities are subject to Section 504 if they are "receiving" federal financial assistance at the time of the actions that are the alleged basis for a discrimination claim.  *See* 29 U.S.C. § 794(a) ("No otherwise qualified individuals with a disability … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ….").  The actions that are the subject of Ms. Ramsay's discrimination claim occurred between March 10, 2017 (the date of NBME's letter denying her second request for testing accommodation), *see* Complaint ¶ 37, and March 27, 2019, when NBME responded to the final request for reconsideration submitted by Ms. Ramsay's attorney and supported by an evaluation report from her new professional, Dr. Smith, *see id.* ¶ 70.

NBME denies that it received federal financial assistance and denies that it is subject to Section 504.  Ms. Ramsay, however, alleges without explanation that NBME is a recipient of federal financial assistance from the Department of Defense ("DOD") and Department of Veterans Affairs ("VA").  *See* Complaint (Dkt. 1) ¶ 3 ("NBME is a recipient of Federal financial assistance, including but not limited to funds from the U.S. Department of Defense and the U.S. Department of Veterans Affairs, and is therefore subject to Section 504 of the Rehabilitation Act.").[1]

Ms. Ramsay's reference in her complaint to the DOD presumably relates to various purchase orders from the Uniformed Services University of the Health Sciences ("USU") for exams and related services from NBME that are reported on usaspending.gov, with reported start dates of 2014 and earlier and reported end dates of 2015 and earlier.  Her reference to the VA presumably relates to a contract that NBME entered into with the VA in 2013 to "rapidly develop military health/Veteran questions" on the USMLE.  The VA contract and the USU purchase orders are procurement contracts[2] that predate any relevant time period, and therefore are doubly irrelevant to Ms. Ramsay's Section 504 claim.  *See infra* at 5-11.

Nevertheless, NBME responded to numerous discovery requests propounded by Ms. Ramsay related to these topics.  Her argument that "Plaintiff's requests … have been met by a brick wall," Pl. Br. at 3, is blatantly incorrect.  NBME produced the VA contract in discovery.  *See*

---

[1] Ms. Ramsay's response to NBME's interrogatory seeking the factual and legal basis for her claim that NBME is subject to Section 504 is equally vague:  "[T]he legal basis for plaintiff's claim is set forth in the Complaint, and … the factual basis for plaintiff's claim is that NBME is receiving and has received federal financial assistance including the funds and benefits already identified in NBME's responses to plaintiff's discovery, and further … discovery from NBME is continuing as to NBME's receipt of federal financial assistance."  (Pl. Response to NBME Interrogatory No. 5).

[2] A purchase order, if accepted, reflects the terms of a contract to acquire goods or services.  *See Total Foods Corp. v. Wilfran Agr. Indus., Inc.*, 945 F. Supp. 100, 102 (E.D. Pa. 1996) (Joyner, J.); *U.S. ex rel. Thomas v. Siemens AG*, 991 F. Supp. 2d 540, 565 n.91 (E.D. Pa.), *aff'd*, 593 F. App'x 139 (3d Cir. 2014).

Pl. Br. Ex. A at 6 (RFP 5).  It also responded to discovery requests regarding the payment it received under the VA contract and its use of questions developed under the contract.  *See id.* Ex. B at 5-6 (Interr. 20); Ex. C at 5 (RFA 6), 7 (RFA 9).  NBME is no longer in possession of the old USU purchase orders (which it has explained to Ms. Ramsay), but it produced contract summaries relating to these contracts and also provided Ms. Ramsay with documents and information relating to USU payments for exams and other services from NBME during more recent periods.  *See id.* Ex. A at 9-10 (RFP 8), 14-15 (RFP 13); Ex. B at 16-18 (Interr. 12-13), 22 (Interr. 18).

NBME's willingness to produce this information notwithstanding the lack of relevance was not a capitulation to all irrelevant and burdensome discovery requests propounded by Ms. Ramsay. The discovery she seeks in her motion to compel is even further afield from issues relevant to the alleged receipt of federal financial assistance.  As explained below, her motion should be denied.

## <u>ARGUMENT</u>

### A.    Plaintiff incorrectly argues that NBME has not responded to "directly relevant discovery requests" based on proportionality objections.

Ms. Ramsay complains that NBME raised proportionality objections to "virtually all" of her requests and objected to the burden of responding to many of her requests.  *See* Pl. Br. at 3-4. Ms. Ramsay's argument assumes that all her requests were reasonable.  NBME's proportionality objections were necessitated, however, by Ms. Ramsay's frequently overbroad requests, and— consistent with the Federal Rules of Civil Procedure—its objections addressed the burden of responding relative to the benefit of the discovery, particularly where Ms. Ramsay's requests sought irrelevant information.  *See* Fed. R. Civ. P. 26(b)(1).  NBME also responded to many of Ms. Ramsay's requests, in whole or in part, notwithstanding its objections.

More to the point, Ms. Ramsay's focus on NBME's proportionality objections ignores her burden on this motion to compel.  As the moving party, Ms. Ramsay "bears the initial burden of

showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). As discussed below, Ms. Ramsay does not demonstrate the relevance of the information she seeks. Therefore, the burden never shifts to NBME to justify withholding such information on proportionality grounds, *see id.*, although lack of proportionality is another basis to deny the motion and NBME maintains and incorporates the proportionality (and other) objections raised in its responses to the requests at issue.

**B.      Plaintiff seeks to compel discovery that is not relevant to any party's claim or defense and is not proportional to the needs of the case.**

**1.      NBME reasonably limited its discovery responses to the period between December 12, 2016 and December 31, 2019.**

Ms. Ramsay's Section 504 claim is based on NBME's denial of her requests for testing accommodations. *See* Complaint ¶ 86 ("NBME's refusal to grant Ramsay the reasonable accommodation of extended testing time for the USMLE step examinations is a violation of Section 504."). Her claim is subject to a two-year limitations period. *See Katz v. Nat'l Bd. of Med. Exam'rs*, 751 F. App'x 231, 235 (3d Cir. 2018); *Disabled in Action of Pennsylvania v. Southeastern Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). In addition, "discrimination is not actionable under § 504 if it did not occur within the period that an entity received federal financial assistance." *Taibi v. Borough of Slatington*, No. 18-00385, 2018 WL 6173366, at *5 (E.D. Pa. Nov. 26, 2018) (citations omitted); *see also, e.g., Bachman v. American Soc. of Clinical Pathologists*, 577 F. Supp. 1257, 1262 (D.N.J. 1983) ("Past recipients of federal financial assistance … are liable for violations of the Rehabilitation Act *which occurred during the time that they were recipients*.") (emphasis added). Therefore, the only actions by NBME that are potentially relevant to her Section 504 claim are those that occurred within two years of the date on which she filed this lawsuit, May 8, 2019, *see* Dkt. 1, or May 8, 2017, and only if NBME was receiving federal financial assistance at that time.

- 5 -

NBME nevertheless produced documents and information dating back to December 12, 2016, which is the date NBME received Ms. Ramsay's first request for testing accommodations.[3] *See* Decl. of Catherine Farmer, Psy.D. (Dkt. 17-1) at ¶ 12.[4]   NBME also provided responsive documents and information through December 31, 2019.   That is the date of the Court's order granting Ms. Ramsay's a preliminary injunction; since that time, NBME has provided Ms. Ramsay with accommodations pursuant to the Court's order.   Ms. Ramsay argues that "NBME provides accommodations only because it has been ordered to do so," Pl. Br. at 5, but that is beside the point. Because NBME provided Ms. Ramsay with accommodations in compliance with the Court's preliminary injunction, there is no ongoing basis for her Section 504 claim after the date the preliminary injunction was entered, and no basis for any discovery relating to whether NBME received federal financial assistance after that date.

As a fallback, Ms. Ramsay argues that the period of discovery is not limited to the period of the claim, and contends that in disability discrimination cases, "'discovery of information both before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence.'" Pl. Br. at 5 (quoting *Horizon Holdings v. Genmar Holdings*, 209 F.R.D. 208, 212 (D. Kan. 2002)).   Her argument and supporting citation are inapposite.   First, discovery is limited to relevant information (and may be further limited based on proportionality and other factors).   Fed. R. Civ. P. 26(b)(1).   The "reasonably calculated to lead to discovery of

---

[3] Ms. Ramsay states in a footnote that she began preparing her accommodation request in October 2015, *see* Pl. Br. at 5 n.4, but she does not argue (nor could she) that an entity could be subject to Section 504 liability before it ever receives (much less denies) a request for accommodations, nor does she explain how this would justify extending the period for discovery all the way back to January 1, 2014 or past December 31, 2019, both of which she seeks in her motion. *See id.* at 5.

[4] This first accommodation request cannot be the basis for any Section 504 claim, because NBME denied the request on March 10, 2017, and Ms. Ramsay filed her complaint more than two years later, on May 8, 2019.  Because NBME has agreed to provide discovery dating back to December 12, 2016, however, this issue does not need to be addressed at this time.

admissible evidence" language she cites is no longer part of Rule 26; it was omitted by the drafters because it had been misused to define the scope of discovery. *See* Rule 26, 2015 Advisory Committee Notes ("The phrase 'reasonably calculated to lead to the discovery of admissible evidence' has been used by some, incorrectly, to define the scope of discovery."); *Gilead Sciences, Inc. v. Merck & Co., Inc.*, No. 5:13-cv-04057, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone."). Second, the *Horizon Holdings* case addressed the merits of a discrimination claim, not the more circumscribed issue of receipt of federal financial assistance. Information about whether an entity received federal financial assistance *outside* the period of alleged discrimination is not relevant to whether it received federal financial assistance *during* the period of alleged discrimination.

Despite her burden on the motion to compel, Ms. Ramsay makes no effort to address her actual discovery requests or explain how information outside the December 12, 2016-December 31, 2019 time frame of NBME's discovery responses is relevant to her claim, stating only that "the issue of federal funding is crucial to plaintiff's damages claim, and NBME has made no showing that it would be burdensome to respond for a broader period of time." Pl. Br. at 6. It is not enough, however, for Ms. Ramsay to say that she wants the information and it supposedly is not burdensome for NBME to provide it. *See Morrison*, 203 F.R.D. at 196 ("A party moving to compel bears the initial burden of showing the relevance of the requested information."); *cf.* Rule 26, 2015 Amendments Advisory Committee Notes ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

- 7 -

Ms. Ramsay's arguments about the time period applicable to her discovery requests also fail to address the actual discovery requests at issue or NBME's responses to those requests. She contends that "NBME will go to any lengths to avoid discovery about federal financing" and, as an example of this supposed discovery avoidance, complains that NBME considers information about "a contract under which NBME was paid $196,006 by the Department of Veterans Affairs to develop 'military health/Veteran questions' for the USMLE Step examinations is irrelevant because NBME was only paid through 2015 …." Pl. Br. at 6. This contract is indeed irrelevant, both because it is a procurement contract[5] and because all funds were received by NBME in March of 2014, well before any relevant time period, but NBME nevertheless responded to most of Plaintiff's discovery requests about this contract. *See* Pl. Br. Ex. A at 6, RFP 5 (referencing production of contract documents on February 5, 2021);[6] *id.* at 14-15, RFP 13 (referencing production of contract documents on February 5, 2021); Ex. B at 5-6, Interr. 2 (providing information about use of test items developed under the VA contract);[7] *id.* at 25, Interr. 20 (referencing documents produced in response to Doc. Req. 13); Ex. C at 5, RFA 6 (admitting that NBME was paid $196,006 by the United States Department of Veterans Affairs in March 2014 pursuant to a procurement contract signed on November 27, 2013 by the Contracting Officer and

---

[5] As discussed below, monies received under procurement contracts with the federal government do not constitute federal financial assistance and thus do not trigger coverage under Section 504.

[6] NBME produced the underlying VA contract and a contract modification which extended the period of the contract through November 30, 2015. Ms. Ramsay argues that, according to usaspending.gov, the contract continued through November 2016. *See* Pl. Br. at 6. NBME has not identified a second modification in its search for records and, in any event, November 2016 is outside any relevant time period.

[7] In an effort to clarify its response to Interrogatory 2 and further narrow discovery disputes, NBME later informed Plaintiff by email that "[n]one of NBME's Self-Assessments contained the test items written under the referenced contract between December 12, 2016 and December 31, 2019, and NBME does not produce any other 'sample or study/test preparation materials,' other than the sample questions that are freely available on the website …."

November 13, 2013 by NBME); *id.* at 7, RFA 9 (admitting the stated purpose of the contract); *id.* at 7-8, RFA 10 (denying that the "project" continued to at least November 30, 2016).[8]  Ms. Ramsay does not explain whether she seeks additional information in response to these discovery requests or why any such information is relevant to her Section 504 claim.

Still in the context of her discovery time period argument, Ramsay complains that "NBME admits that the questions it was paid to develop were used on **all** Step examinations between 2016 and 2019, and plaintiff is seeking further information about the revenue that NBME earned on those Step examinations, *e.g.* NBME's financial statements …."  Pl. Br. at 6.  This argument is equally misguided.  NBME produced four financial statements, for the years ending December 31, 2016 through December 31, 2019, and Ms. Ramsay offers no explanation why information outside this time period is relevant.  The fact that NBME received revenue from administering USMLE exams during some period relevant to her Section 504 claim is undisputed, albeit wholly irrelevant given that this does not constitute receiving federal financial assistance.  The information apparently sought by Ms. Ramsay—*i.e.*, the amount of that revenue and whether there was such revenue at any other times—is even more irrelevant.

Ms. Ramsay's final, passing argument is that "other requests itemized in plaintiff's proposed order should not be limited to the arbitrarily narrow time period selected by NBME."  Pl. Br. at 7.  Ms. Ramsay's proposed order would have NBME respond to **all** her discovery requests "for the full time period requested, namely January 1, 2014 to present."  *See* Dkt. 48-2 at No. 2.  Yet she provides no information or analysis of her discovery requests and no explanation for why

---

[8] NBME stood on its objections and did not provide any responsive information where Ms. Ramsay requested copies and description of the confidential test questions developed under the VA contract.  *See* Pl. Ex. A at 6-7, RFP 6; Ex. B at 4-5, Interr. 1.  These requests are discussed further below. *See infra* at 11-12.

information from this extended time period is relevant with respect to any specific request, much less all of them. It is Ms. Ramsay's proposed time period that is arbitrary, not NBME's. She has failed to meet her burden on her motion to compel responses for a broader time period.

### 2. Payment received under "procurement contracts" is not "federal financial assistance."

Not all funds received from the federal government constitute federal financial assistance within the meaning of Section 504. Although "federal financial assistance" is not defined in the statute, "courts when confronted with the issue have applied the ordinary meaning of the term and have concluded that an entity receives 'federal financial assistance' when it receives a subsidy." *See Phillips v. Goldsteins', Rosenbergs', Raphael-Sachs, Inc.*, No. 12-3833, 2013 WL 6506170, at *3 (E.D. Pa. Dec. 10, 2013) (citations omitted). Thus, "[a] simple compensatory contractual relationship with the federal government does not make the contracting party a recipient of federal financial assistance." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 531 (D.N.J. 2000) (citations omitted), *opinion amended on reargument*, 130 F. Supp. 2d 610 (D.N.J. 2001). Implementing regulations likewise provide that "federal financial assistance" may be a "grant, loan, contract (*other than a procurement contract*….), or any other arrangement by which the Agency provides or otherwise makes available assistance" in various forms. *See* Pl. Br. at 2 (quoting 38 C.F.R. § 18.403(h)) (emphasis added).

NBME therefore properly objected to discovery requests seeking information regarding procurement contracts. But this was never the sole objection to any discovery request and NBME responded, in whole or in part, to many discovery requests notwithstanding this objection. Thus, Ms. Ramsay's motion to compel with respect to NBME's "procurement contract" objection again ignores her actual discovery requests and NBME's actual objections and responses (not to mention

the undisputed fact that payments under a procurement contract do not constitute federal financial assistance).

In her motion and proposed Order, Ms. Ramsay seeks responses to RFPs 1, 2,[9] 5, 6, and 13, Interrogatories 1, 2, and 20, and RFAs 5, 7, 8, 22, 23, and 24 with respect to "all funds received from the federal government."  These requests are addressed here.

**Requests for Production**

RFP 5:  This is a request for the VA contract.  NBME produced the contract on February 5, 2021.  To the extent Ms. Ramsay seeks any other documents in response to this request, she does not explain the relevance of those documents in her brief and therefore does not satisfy her burden on the motion to compel.   The burden of producing any additional documents also plainly outweighs any benefit given the lack of relevance.

RFP 6:  Ms. Ramsay seeks production of "[e]ach test question developed as a result of [the VA contract], including each use of any such question."  NBME justifiably objected to producing any documents in response to this request.   The content of the confidential, proprietary test questions is completely irrelevant to Ms. Ramsay's claim and, because questions from past exams are reused on future exams for equating purposes, disclosure of the confidential and proprietary examination questions could compromise the integrity of examination results and cause significant harm and expense to NBME while also harming the jurisdictions that rely on USMLE results.  *See generally Nat'l Conf. of Bar Exam'rs v. Multistate Legal Studies*, 458 F. Supp. 2d 252, 254 (E.D. Pa. 2006).  Ms. Ramsay offers no explanation why this information is relevant to her Section 504 claim, nor could she, and this discovery also is not proportional to the needs of the case.

---

[9] Document requests 1 and 2 are "catch-all" requests seeking production of documents referenced in other discovery responses, and Ms. Ramsay does not address these requests in her brief.

RFP 13: This request seeks the VA contract discussed above and various other purchase order documents, all of which constitute procurement contracts from outside the relevant time period. NBME nevertheless produced the VA contract as well as contract summaries for the referenced purchase orders (which are also publicly available to Ms. Ramsay on usaspending gov). NBME does not have the old purchase orders in its possession, which it has explained to Ms. Ramsay. This request also seeks "each" document that "records, reflects, relates, or refers to" these contracts. Ms. Ramsay offers no argument why these broad categories of documents, which relate to procurement contracts from outside the relevant time period, are relevant, and the burden of producing any additional documents plainly outweighs any benefit given the lack of relevance and the breadth of the request.

### **Interrogatories**

Interrogatory 1: Ms. Ramsay asks NBME to "[i]dentify and describe each and every examination question developed by NBME as the result of [the VA contract] …." As explained with respect to RFP 6, this information has no relevance to Ms. Ramsay's Section 504 claim. *See supra* at 11. And in addition to being burdensome to prepare, the requested disclosure could cause substantial harm to NBME, to the jurisdictions that rely on the USMLE (the United States Medical Licensing Examination) as part of their licensure process, and to the general public, which relies on the jurisdictional licensure process to ensure that physicians have the qualifications necessary to provide safe and effective healthcare.

Interrogatory 2: This interrogatory asks about NBME's use of test questions developed under the VA contract. NBME responded to this request, notwithstanding its "procurement

contract" objection (among other objections).  *See* Pl. Br. Ex. B at 5-6.[10]  Ms. Ramsay does not explain what other information she seeks or why it is relevant to her Section 504 claim.

Interrogatory 20:  This request is an "interrogatory" version of Document Request 13, which NBME addresses above.  *See supra* at 12.

**Requests for Admission**

RFAs 5, 7, 8, 22, 23, and 24:  These requests seek information regarding purchase orders for NBME exams and related services from USU that precede any relevant time period.  Ms. Ramsay offers no argument as to why this information is relevant to her Section 504 claim. Responding to the requests would require NBME staff to divert their efforts in support of the ongoing administration of the USMLE program to attempt to track down old information that has no bearing on whether NBME was subject to Section 504 during the relevant time period.  In addition, NBME has produced documents and information related to USU payments for exams and related services from NBME during the relevant time period, *see supra* at 4, further negating any suggestion that this out-of-date information, relating to procurement contracts, is needed to resolve the issues in the case.

3. **Plaintiff's arguments regarding "the use of examination questions that it developed with funding from the Department of Veterans Affairs" are frivolous.**

Ms. Ramsay argues that "NBME has refused to answer discovery requests about funding it received from the U.S. Department of Veterans Affairs to 'develop military health/veterans questions' for the USMLE."  Pl. Br. at 8.  That statement is simply false.  Notwithstanding NBME's valid objections, NBME produced the VA contract.  NBME provided information on

---

[10] NBME has since clarified for Plaintiff by email that NBME does not produce any other "sample or study/test preparation materials," other than sample USMLE questions that are available for free on its website.

when and how much it was paid under the contract.  NBME also described its use of test items developed under the contract.  *See supra* at 4.

Ms. Ramsay ultimately contradicts herself and acknowledges that NBME has, in fact, responded to discovery requests about test items developed under the VA contract, *see* Pl. Br. at 8, but then argues a different point, that "NBME has refused to disclose any information about the financial benefit it has derived … from these questions …."  *Id.* at 9.  From this premise, she contends that "NBME should be required to turn over all documents relating to receipt of federal dollars for the development of USMLE questions between January 1, 2014 and the present, and all documents relating to revenue produced by the use of those USMLE questions, including [financial statements]."  Pl. Br. at 9.  Ms. Ramsay's arguments are unmoored from the facts.  NBME has already produced the contract.  NBME has already stated when and how much it was paid under the contract.  NBME has produced four years of financial statements reflecting its annual revenue between 2016 and 2019.  It is not clear what else Ms. Ramsay is looking for, or why it is relevant to her Section 504 claim.  She has not met her burden of showing that any additional information is needed or relevant.

Ms. Ramsay's proposed order seeks responses to nine interrogatories, three requests for admission, and six document requests purportedly related to "discovery about examination questions that [NBME] develops with funding from the Department of Veterans Affairs."  *See* Proposed Order No. 3.  Her motion to compel should be denied outright with respect to the discovery requests that are not addressed in her brief.[11]  In the interest of completeness, however,

---

[11] The only specific discovery requests Ms. Ramsay mentions in her brief relative to this argument are Interrogatory 1 and RFP 5.  *See* Pl. Br. at 8.  Interrogatory 1 asks for descriptions of confidential, proprietary test questions developed under the VA contract.  Ms. Ramsay fails to explain why this information is relevant to the receipt of federal financial assistance.  There was no good-faith basis for Ms. Ramsay to propound this request, and there is no basis for her to move

- 14 -

NBME will briefly address the additional discovery requests listed in Ms. Ramsay's motion and proposed order.

**<u>Interrogatories</u>**

Interrogatory 1: This is the request for a description of confidential, proprietary test questions, which are not relevant and whose disclosure would cause significant harm. *See supra* at 12.

Interrogatory 2:  NBME responded to this interrogatory.  Ms. Ramsay does not discuss any other information she seeks in response to this interrogatory or explain why such information is relevant. *See supra* at 12-13.

Interrogatories 9, 10:  NBME responded to these interrogatories in part,[12] which generally seek information about tracking or recording the receipt or disbursement of funds (and which, contrary to Ms. Ramsay's characterization in her proposed order, do not relate to "examination questions developed with funding from the Department of Veterans Affairs").  Ms. Ramsay does not discuss any other information she seeks in response to these interrogatories or explain why such information is relevant.

Interrogatory 11:  This interrogatory asks NBME to "[i]dentify any funds or relationships between NBME or USMLE and publicly funded institutions, including but not limited to universities, colleges, and medical schools, for administration of any examinations including shelf

---

to compel a response. *See supra* at 12.  RFP 5 seeks the contract documents that NBME produced on February 5.  Ms. Ramsay does not explain what other documents "relating to the contract" she seeks in her motion to compel or why they are relevant, and any such request would not be proportional to the needs of the case in any event. *See supra* at 1.

[12] Many of Ms. Ramsay's requests, like Interrogatory 9, sought information about funds from state, municipal, or "federally supported" entities—i.e., entities other than the federal government itself. NBME objected to those aspects of Ms. Ramsay's requests and Ms. Ramsay has not challenged those objections.

examinations."  Contrary to Ms. Ramsay's argument, this request does not relate to "examination questions developed with funding from the Department of Veterans Affairs," and Ms. Ramsay has made no effort to explain the purported relevance of the information sought in this request.  The burden of compiling this type of information also is not justified given its lack of relevance.

Interrogatory 14:  This interrogatory asks NBME to "identify and describe all funds received by NBME or USMLE from the United States Department of Veterans Affairs or any of its subagencies, including the date of funds received, the amount of funds received, the purpose or intended use of the funds, and the completion date of the project."  NBME responded to this request in part, and informed Ms. Ramsay that, among other things, it received payment under the VA contract in March 2014.  Ms. Ramsay does not identify any other information she seeks in response to this interrogatory or explain why any such information is relevant.

Interrogatory 17:  This request asks for information regarding funds received for administration of testing to U.S. military personnel or veterans.  It does not relate to "examination questions developed with funding from the Department of Veterans Affairs" (which would not make them relevant in any event), and NBME responded to this request with respect to federal payments.  Ms. Ramsay does not identify any other information she seeks in response to this interrogatory or explain why any such information is relevant.

Interrogatory 18:  NBME responded to this request regarding the administration of subject matter examinations to USU students.  Ms. Ramsay does not identify any other information she seeks in response to this interrogatory or explain why any such information is relevant.

Interrogatory 20:  This is an interrogatory version of Document Request 13, and NBME responded to this request in part by incorporating its response to the document request.  *See supra*

at 12. Ms. Ramsay does not identify any other information she seeks in response to this interrogatory or explain why any such information is relevant.

### Requests for Admission

RFAs 6, 9, and 10:  NBME responded to these requests.

### Requests for Production

RFP 5:  NBME responded to this request and produced the contract on February 5, 2021. Ms. Ramsay does not identify any other documents she seeks in response to this request or explain why they would be relevant.  This request also is not proportional to the needs of the case, as addressed above.  *See supra* at 11.[13]

RFP 6: This is Ms. Ramsay's request for production of confidential, proprietary test questions, which are not relevant, and whose disclosure would cause significant harm.  *See supra* at 11-12.  There is no basis for producing such test questions in this case.

RFP 9:  NBME responded to this request in part, including specifically as it relates to the VA contract for development of examination questions.  Ms. Ramsay does not discuss any other documents she seeks in response to this request or explain why they would be relevant.

RFP 13:  NBME produced the VA contract as well as contract summaries for the referenced purchase orders (which are also publicly available to Ms. Ramsay on usaspending gov).  This request also seeks "each" document that "records, reflects, relates, or refers to" these contracts. Ms. Ramsay offers no argument as to why these broad categories of documents are relevant, nor could she.  Any such documents relate to procurement contracts (which are not relevant to whether

---

[13] Requests for Production 1 and 2 are a "catch-all" in reference back to NBME's responses to interrogatories and requests for admission.  Ms. Ramsay does not identify any other information she seeks in response or explain why any such information is relevant.

NBME received federal financial assistance) from outside the time period relevant to her Section 504 claim. This request also is not proportional to the needs of the case. *See supra* at 12.

> **4.   NBME's financial statements are not relevant but, in any event, have been produced for the relevant time period.**

NBME produced its financial statements for 2016-2019 to narrow this discovery dispute. Ms. Ramsay now seeks production of NBME's financial statements for 2014, 2015, and 2020. These years are outside the time period relevant to her Section 504 claim. *See supra* at 5-10.  Ms. Ramsay does not explain why this information is relevant and thus has provided no basis for compelling NBME to produce the additional financial statements. *See* Pl. Br. at 9-10.

> **5.   There is no basis for Ms. Ramsay's discovery requests with respect to the Federation of State Medical Boards or for her request for documents related to committee service.**

> > **a.   FSMB**

According to Ms. Ramsay, she is entitled to discovery regarding NBME's receipt of funds from the Federation of State Medical Boards (FSMB) because "federal financial assistance can be direct or indirect …." Pl. Br. at 11.  She argues, without explanation, that "additional evidence is needed concerning the relationship between NBME and funds that were channeled through FSMB." *Id.*

The USMLE program is owned by NBME and the FSMB, which are separate organizations.  "The FSMB is a non-profit organization that represents the 70 state medical and osteopathic boards of the United States and its territories," which are "responsible for licensing physicians, investigating patient complaints, and disciplining physicians who violate the law." *See* https://www.usmle.org/about/.   "The NBME is a non-profit organization that serves the public through assessments of health professionals." *Id.*

Ms. Ramsay appears to be on a fishing expedition in the hopes of showing that NBME received federal financial assistance indirectly through FSMB.  She relies on *Alfano v. Bridgeport Airport Services, Inc.*, 373 F. Supp. 2d 1 (D. Conn. 2005), but in that case, there was specific, identified federal grant funding at issue, and the question was whether the defendant was an intended indirect recipient of that funding.  *See id.* at 5-6.  In contrast, Ms. Ramsay simply points to a "collaboration agreement" between NBME and FSMB and an agreed-upon sharing of net revenue.  *See* Pl. Br. at 10.  Nothing about this shows that federal dollars of any type—much less federal financial assistance—were transferred to NBME by FSMB or that any such transfer would make NBME the "recipient" of federal financial assistance.  *See generally U.S. Dep't of Transp. v. Paralyzed Veterans of Amer.*, 477 U.S. 597, 605 (1986) ("Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance because it sought to impose § 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds.").  Likewise, Ms. Ramsay's discovery requests do not relate to any identified grant funding and are not focused on determining whether NBME received federal financial assistance—or any federal funds for that matter—through FSMB.  Instead, Interrogatory 8, referenced in Ms. Ramsay's brief, asks NBME to "[d]escribe *any and all funds and/or remuneration* which NBME and USMLE received from the Federation of State Medical Boards."  (Emphasis added.)  Request for Admission 2 asks in equally broad fashion whether "NBME received funds from the Federation of State Medical Boards between 2014 and the present."  These requests are not targeted to the receipt of federal financial assistance and call for information that far exceeds any relevant issues.  *Cf. Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994) (denying motion to compel response to document requests that sought both relevant and irrelevant information) (Joyner, J).

- 19 -

Ms. Ramsay also lists RFAs 3 and 17 in her proposed order.  These requests seek an admission of a legal conclusion related to a third party (*i.e.*, whether FSMB is a recipient of federal financial assistance).  They are not proper requests for admission.  *See Zen Investments, LLC v. Unbreakable Co.*, No. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. 2008) ("One party cannot demand the other party admit the truth of a legal conclusion.").  In all events, Ms. Ramsay makes no argument with respect to these specific requests in her brief and thus again fails to meet her burden in seeking to compel responses to these requests.

### b.     Committee Service

Ms. Ramsay moves to compel production of documents relating to federal employees who have served on NBME committees.  However, Ms. Ramsay never raised this issue in any meet and confer with NBME before filing her motion.  Her motion to compel these documents should be denied on that basis alone.  *See* Local Rule 26.1(f).

Ms. Ramsay acknowledges that NBME provided information regarding committee service in response to Interrogatory 19.  She complains, however, that NBME did not produce any documents relating to this information.  *See* Pl. Br. at 12.  But her document request did not actually request the production of documents.  *See* Doc. Req. 12 ("Any services provided by any individual employed by a federal agency to the NBME or USMLE including …. For each such service identified, describe the nature of the service, any payment made by the NBME in exchange for that service including but not limited to any funds paid for travel, *per diem*, honorarium, food or expenses, the date of such service the date of payment, and the amount of each payment.").  Ms. Ramsay argues that NBME should have ignored the phrasing of this request based on introductory language preceding all her documents requests, but if this were the issue, she could have easily raised it with NBME before filing her motion to compel, and she did not.  In any event, even under

Ms. Ramsay's revised framing of the request as a request for documents, the request is unclear and significantly overbroad.  And once again, despite it being Ms. Ramsay's burden to support the relevance of the requested documents, she does not identify the documents she is seeking or explain why those documents are relevant to her Section 504 claim.

## **CONCLUSION**

Plaintiff's motion to compel should be denied.

Dated: March 26, 2021                      Respectfully submitted,

                                                           _/s/ Caroline M. Mew_____
                                                           Robert A. Burgoyne (*pro hac vice*)
                                                           Caroline M. Mew (*pro hac vice*)
                                                           Perkins Coie LLP
                                                           700 13th Street, NW, Suite 800
                                                           Washington, DC 20005
                                                           Tel: (202) 654-1744
                                                           rburgoyne@perkinscoie.com
                                                           cmew@perkinscoie.com

                                                           Michael E. Sacks (Bar No. 39774)
                                                           Hamburg & Golden, P.C.
                                                           1601 Market Street, Suite 3310
                                                           Philadelphia, PA 19103-1443
                                                           Phone: 215-255-8596
                                                           Facsimile: 215-255-8583
                                                           sacksme@hamburg-golden.com

                                                           Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 26, 2021, I filed a copy of the foregoing document with the

Court's CM/ECF system, which will serve a copy of the document on the following counsel of

record, each of whom is registered as an ECF filer:

Lawrence D. Berger, Esquire
Reisman Carolla Gran & Zuba, LLP
19 Chestnut Street
Haddonfield, N.J. 08033
larry@rcglawoffices.com

Mary C. Vargas
Stein & Vargas LLP
10 G St. NE, Suite 600
Washington, DC 20002
Mary.vargas@steinvargas.com

/s/ Caroline M. Mew_____
Caroline M. Mew